86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim I. MARHOLZ, Defendant-Appellant.
 No. 95-50366.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim I. Marholz appeals the district court's denial of his motion to withdraw his plea of guilty to narcotics and weapons offenses in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1), 924(a) and 922(k). Marholz contends that he should have been allowed to withdraw his plea before sentencing because the warrant that authorized the search of his house was not supported by probable cause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's denial of a motion to withdraw a guilty plea before sentencing. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). Although a defendant has no right to withdraw his plea, the district court may allow withdrawal before sentencing if the defendant shows a fair and just reason. Id. A guilty plea generally waives any nonjurisdictional claims of deprivation of constitutional rights that may have occurred prior to entry of the plea, United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992), because conviction upon a freely-entered plea is understood to "rest[ ] on the defendant's own admission in open court that he committed the acts with which he is charged." McMann v. Richardson, 397 U.S. 759, 766 (1970).
 
 
 4
 Here, Marholz pleaded guilty following an exemplary Rule 11 hearing. He postponed his sentencing date five times, and ten months after he entered his plea of guilty, substituted counsel and filed a motion to withdraw the plea. In support of his motion, Marholz submitted declarations purporting to undermine the affidavit that supported the warrant to search his house. He did not claim that his plea was involuntary or entered on the advice of incompetent counsel.
 
 
 5
 The district court wrote a well considered order denying Marholz's request to withdraw his plea. Marholz asserts that the district court abused its discretion by ruling on his motion "as if a fully briefed motion to suppress evidence had been filed." He claims that he made the lesser showing of a fair and just reason to withdraw his plea, and is therefore entitled to do so. We disagree.
 
 
 6
 First, as the district court observed, Marholz's criticisms of the affidavit were unimpressive. More important, a defendant is not entitled to withdraw a valid plea of guilty on the basis of alleged constitutional violations that occurred before entry of the plea. See Cortez, 973 F.2d at 766. Accordingly, we affirm.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3