# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3048

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa |
| Marion Efren Quijada Valencia, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  February 6, 2002

Filed:  August 5, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Mario Efren Quijada Valencia (Quijada) appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa upon his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  The district court sentenced appellant to 228 months imprisonment and 5 years supervised release.  For reversal, appellant argues the district court abused its discretion in

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

denying his motion to withdraw his guilty plea. For the reasons discussed below, we affirm the judgment of the district court.

Prior to sentencing, Quijada filed a motion to withdraw his guilty plea, contending that his plea had not been voluntary because (1) statements made by the government at the plea hearing, and discovery materials provided to the defense, falsely indicated that the government possessed a tape-recording of Quijada making incriminating statements; (2) counsel should have challenged a search warrant that had been granted based on an affidavit containing false statements, including the existence of the tape-recording; (3) the discovery materials also contained statements attributed to Quijada that were illegally obtained through interrogation by his jailer and should have been suppressed; and (4) in violation of Brady v. Maryland, 373 U.S. 83 (1963), the discovery did not contain a letter Quijada had written to the jailer in which he denied the statements. After a hearing, the district court denied the motion to withdraw the guilty plea.

We conclude that the district court did not abuse its discretion in denying Quijada's motion to withdraw his guilty plea, because he failed to show a fair and just reason to do so. See Fed. R. Crim. P. 32(e) (court may permit plea to be withdrawn before sentencing if defendant shows any fair and just reason); United States v. Prior, 107 F.3d 654, 657 (8th Cir.) (standard of review; relevant factors in determining whether Rule 32(e) motion should be granted), cert. denied, 522 U.S. 824 (1997). The record does not support Quijada's contentions that he was falsely led to believe an incriminating tape-recording existed or that the government violated Brady. Further, counsel's failure to seek suppression of Quijada's custodial statements to the jailer does not provide a fair and just reason to allow Quijada to withdraw his guilty plea. See United States v. Morales, 120 F.3d 744, 748 (8th Cir. 1997) (defendant's miscalculation of strength of government's case does not provide fair and just reason for withdrawal of guilty plea). Rather, ineffective assistance claims generally should

-2-

be presented in a 28 U.S.C. § 2255 proceeding. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.