NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0196n.06
Filed: March 17, 2005

No. 03-6466

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| **KENNETH D. SANDERS**, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      **GUY** and **ROGERS**, Circuit Judges; **DOWD**, District Judge.[*]

**PER CURIAM.**  The defendant-appellant, Kenneth D. Sanders, stands convicted on his guilty pleas to Count 1 and Count 5 of a six-count indictment. Count 1 charged the offense of conspiring to manufacture in excess of fifty grams of methamphetamine in violation of 21 U.S.C. § 846. Count 5 charged a violation of 18 U.S.C. § 924(c). By reason of his status as a career offender, Sanders received a sentence of 262 months for Count 1 and a consecutive sentence of 60 months for the § 924(c) violation. In light of the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), the parties have filed an agreed motion to remand for re-sentencing. Sanders, however, also continues to argue that the district court erred in denying his motion to withdraw his guilty plea. As we find the district court did not err in denying Sanders'

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

motion to withdraw his guilty plea, we affirm his conviction; however, we vacate the sentence of

322 months and grant the joint motion to remand for re-sentencing. Our brief analysis follows.

Sanders' guilty plea was entered on February 5, 2004, one day after the government had filed

its factual basis for the plea, stating in relevant part as follows:

> On the evening of November 14, 2002, members of the Tennessee Highway Patrol Criminal Investigation Division (CID) received information concerning a "chop shop" in Grundy County, Tennessee. CID Agents proceeded to the residence in Grundy County which belonged to Darren Rankin. Upon arriving at the residence, officers observed the defendant, Kenneth Dale Sanders, doing something with a vehicle. As the officers approached they noticed Sanders attempting to conceal an item in his pants. A pat down was performed on Mr. Sanders and the pat down revealed that Sanders was wearing a shoulder holster. Inside the holster was a loaded Browning 9 mm semi-automatic firearm. A subsequent search of Sanders revealed approximately one ounce of methamphetamine. Other items found at the premises included: red phosphorous residue, acetone, red devil lye, brake cleaner, and a formula for the manufacture of methamphetamine.

> Mr. Sanders was advised of his rights, waived those rights and agreed to make a statement. Sanders informed agents that he had the components to a methamphetamine laboratory at his residence and gave permission to search his residence. A search of Sanders' residence revealed the following: numerous bags containing red phosphorous, rubber tubing, foil, assorted glassware, funnels, and stained coffee filters. These are items normally associated with the manufacture of methamphetamine.

> Mr. Sanders was interviewed by DEA Agent David Shelton. Sanders stated that he had been cooking methamphetamine for at least two years. Sanders stated that he had manufactured methamphetamine on a number of occasions and occasionally would manufacture methamphetamine with other individuals. Sanders also stated that he had procured necessary chemicals from other individuals, sometimes in exchange for methamphetamine that he would "cook."

> If this case had proceeded to trial, the United States would have offered evidence that the defendant has been manufacturing methamphetamine in the Grundy County area for the past few years. Other individuals have implicated the defendant in a conspiracy to manufacture methamphetamine and would have testified that they had assisted the defendant in the manufacture of methamphetamine in Grundy County, Tennessee, during the time frame listed in the conspiracy in the indictment. Also, if this case had proceeded to trial the United States would have proven that the

> defendant had manufactured well in excess of fifty grams during the time frame set forth in the conspiracy. Finally, the United States would have offered expert testimony to establish that the firearm possessed by the defendant on the day of his arrest, November 14, 2002, was possessed in furtherance of the drug trafficking crimes listed in the indictment.

(R. 22).

Sanders' motion to withdraw his guilty plea was filed some 75 days after the guilty plea was entered. Sanders argued that his original trial counsel should have filed a motion to suppress both the items seized on the day of his arrest and the admissions he had made that day.

The district court carefully followed the provisions of Fed.R.Crim. P. 11 in taking Sanders' guilty plea. After the motion to withdraw was filed, the district court spent considerable time entertaining oral arguments on the motion before denying the same based on careful application of the factors outlined in *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003).

It is unnecessary to review the many decisions dealing with the denial of a motion to withdraw a guilty plea. Rather, it is incumbent on the defendant to support his motion to withdraw a guilty plea with a showing of a "fair and just reason for requesting the withdrawal," as required by Fed. R.Crim. P. 11(d)(2)(B). We find no published precedent for the proposition that a motion to withdraw a guilty plea entered 75 days earlier can be supported, absent an assertion of actual innocence, by the claim that a motion to suppress should have been filed. Moreover, numerous unpublished decisions state the contrary. *See, e.g., United States v. Jones*, No. 03-1035, 74 Fed. Appx. 664, 2003 WL 22048155, at * 3 (7th Cir. Aug. 27, 2003); *United States v. Quijada*, No. 01-3048, 40 Fed. Appx. 344, 2002 WL 1784706, at *1 (8th Cir. Aug. 5, 2002) (per curiam); *United States v. Marholz*, No. 95-50366, 1996 WL 285704, at * 1 (9th Cir. May 29, 1996); *United States*

*v. Hudak*, No. 02CR853, 2003 WL 22170606, at * 5 (S.D.N.Y. Sept. 19, 2003); *United States v.*

*Schmidt*, No. 5:02CR0227, 2003 WL 22225583, at * 2-3 (N.D.N.Y. Aug. 13, 2003).

We AFFIRM the convictions for Counts 1 and 5, and REMAND for re-sentencing.