NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0533n.06

No. 09-1593

**FILED**

**Aug 20, 2010**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

ALBERT P. HUGHES,

    Defendant-Appellant.

On Appeal from the United States District Court for the Western District of Michigan at Grand Rapids

          /

**Before:**     **GUY, and GRIFFIN, Circuit Judges; WILHOIT, District Judge.**[*]

    **RALPH B. GUY, JR. Circuit Judge.**     Defendant Albert P. Hughes appeals the district court's denial of his motion seeking leave to withdraw his guilty pleas in order that he might bring a motion to suppress evidence seized following the search of his apartment. Defendant also asserts an error in the imposition of a consecutive mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A). For the reasons that follow, we affirm the denial of defendant's motion to withdraw his guilty pleas, vacate the defendant's sentence, and remand for resentencing in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010) (*petition for cert. filed*) (June 10, 2010) (No. 09-1497).

---

[*]The Honorable Henry R. Wilhoit, Jr., Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

On March 25, 2008, a 911 call reporting an assault of a female by her boyfriend led police officers to respond to defendant's apartment in Grand Rapids, Michigan. Defendant answered the door, said he was alone, and allegedly permitted the officers to enter to determine whether anyone inside was injured. Despite defendant's attempt to hide it, the officers saw marijuana and crack cocaine in plain view in the living room. A protective sweep of the area where defendant was asked to sit revealed a loaded Cobray 9mm rifle and a loaded Femaru 9mm semiautomatic pistol between the cushions of the loveseat and couch. The premises were secured while a search warrant was obtained, and the subsequent search resulted in the discovery of 64 grams of crack cocaine and 116 grams of powder cocaine.

A four-count Indictment filed on May 6, 2008, charged defendant with possessing with intent to distribute more than 50 grams of cocaine base, possessing with intent to distribute powder cocaine, being a felon in possession of a firearm, and possessing a firearm in furtherance of a drug trafficking offense. Unwilling to cooperate as required by the government's proposed plea agreement, but wanting to avoid an enhancement of the mandatory minimum sentence from 10 years to 20 years that would result from the anticipated filing of a supplemental information, defendant pleaded guilty as charged following extensive questioning by the district court during the July 21, 2008 change-of-plea hearing.

A handwritten letter from defendant dated July 31, 2008, stated his desire to withdraw his guilty pleas, asserted his innocence, accused his attorney of having forced him into the

plea, claimed his brain injury interfered with his ability to understand the plea, and requested that he be appointed new counsel. The claims regarding his guilty pleas—which were not repeated in his formal motion to withdraw or on appeal—contradicted the thorough record made at the change-of-plea hearing. The district court wrote a letter in response, advising defendant that a proper motion would be required for any action to be taken, and recommending that defendant discuss his concerns with counsel. Copies of defendant's letter and the response were forwarded to defense counsel.[1]

No motion to withdraw his guilty pleas followed. Instead, defense counsel moved to withdraw from representation, and new counsel was appointed from the Federal Defender Office. An unopposed motion for continuance was granted for the explicit purpose of allowing defense counsel an opportunity to determine whether to file a motion for withdrawal of the guilty pleas. Defense counsel also moved for discovery relating to the 911 call. The government outlined the information available concerning the 911 call, but opposed the reopening of discovery in light of the defendant's guilty pleas. At the hearing on December 16, 2008, defense counsel withdrew the motion for discovery and was granted additional time to determine whether to proceed to sentencing or seek to withdraw the guilty pleas.[2]

---

[1]Defendant had previously been shot in the head, losing vision in one eye and his senses of smell and taste, and was receiving social security disability benefits. Although defendant said he had started having some pain from it, he denied being in pain on the day of the plea hearing and affirmatively stated that his injury did not affect his ability to understand or make decisions.

[2]The government indicated that the 911 call was made to the Michigan State Police. The call was cut off in attempting to transfer it to the Grand Rapids Police Department, and contact could not be reestablished. The information provided was texted to the Grand Rapids Police dispatcher and then to the responding officers. The text information sent to the officers was produced to defendant. The government stated that it had no other documents in its possession arising from the 911 call or the dispatching of officers.

In preparation for sentencing scheduled for March 2009, a presentence report was prepared that recommended against a two-level downward adjustment for acceptance of responsibility because the defendant had refused to participate in the presentence interview. Defense counsel objected, but then sought to withdraw because of a conflict of interest arising from another matter. Defendant's third and current attorney, appointed March 4, 2009, filed the motion at issue seeking to withdraw the guilty pleas on April 6, 2009. In that motion, defendant maintained that he did not fully understand the implications of pleading guilty and wanted to withdraw his pleas in order to pursue a motion to suppress evidence challenging the validity of the search.

On April 30, 2009, the date set for sentencing, the district court addressed the motion to withdraw the pleas and indicated that he had reviewed the transcript from the plea hearing and the correspondence with defendant. Satisfied that defendant had understood the consequences of the guilty pleas—including that he would be giving up the right to challenge the search—the district court denied the motion for the reasons stated on the record. During the sentencing hearing that followed, the district court found defendant had not shown acceptance of responsibility, determined the applicable guideline range and statutory minimum and maximum sentences, and considered the relevant factors under 18 U.S.C. § 3553(a). Defendant was sentenced to concurrent terms of 121 months on count 1, 121 months on count 2, and 120 months on count 3, as well as a mandatory minimum consecutive sentence of 60 months on count 4. This appeal followed.

**II.**

**A.       Motion to Withdraw Guilty Pleas**

To withdraw a guilty plea before sentencing, the defendant must demonstrate "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). The purpose of this provision is to allow a "'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citation omitted). We review the district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *Id*.

This court has developed a multi-factor balancing test to guide the decision on such a motion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). The factors we have identified are as follows:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id*. at 1052 (citation omitted). This list of factors is not exclusive, no one factor is dispositive, and the relevance of each factor will vary according to the circumstances. *Id*. We find no abuse of discretion in the decision reached by the district court after balancing these factors.

The first two factors weigh against withdrawal. Nine months elapsed between the plea hearing on July 21, 2008, and the filing of the motion to withdraw the guilty pleas on April 6, 2009. "'[A] defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time.'" *Dixon*, 479 F.3d at 436 (citation omitted). Defendant attempts to minimize this delay, emphasizing that his July 31, 2008 letter to the court indicated that he wanted to withdraw the plea. While defendant's letter clearly expressed discontent with the pleas, defendant was promptly advised by the court that a formal motion would be required and that he should consult with counsel about his concerns. No motion to withdraw the guilty pleas was filed either by defendant or appointed counsel until nine months later.

Nor are we persuaded that the several changes in counsel provide a valid reason for failing to make the motion earlier. Counsel investigated and deliberated whether to seek withdrawal of the guilty pleas, but did not repeat the assertion of innocence or that defendant was forced into the plea given the record made at the plea hearing. Moreover, even crediting the initial letter as a request to withdraw and excluding the period between the plea hearing and the decision to forego further discovery, more than 100 days still elapsed before the motion was filed seeking withdrawal of the guilty pleas. This court has affirmed the denial of motions to withdraw that came sooner than defendant's, citing lengthy delay as an important factor. *Haygood*, 549 F.3d at 1053 (citing *United States v. Cinnamon*, 112 F. App'x 415, 418-19 (6th Cir. 2004) (declining to allow a withdrawal motion filed at least 90 days after the guilty plea); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 days

later); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 days later)); *but see United States v. McCoy*, 155 F. App'x 199, 203 (6th Cir. 2005) (remanding where district court relied solely on 133-day delay and there was no express waiver of constitutional rights).

Defendant had no prior experience with the federal criminal justice system, but he had persistent contacts with the state system resulting in a criminal history category III and several convictions that were not included in the criminal history score. In addition, several prior convictions were for drug offenses, including a felony conviction for delivery/manufacture of less than 50 grams of cocaine. The district court did not abuse its discretion in finding that defendant had "more than enough experience to know what was happening and what he was giving up."

The third and seventh factors do not weigh in favor of defendant. Although defendant asserted in the July 31 letter that he was innocent, the focus of defense counsel's investigation, the grounds of the actual motion, and the arguments presented on appeal all were on an opportunity to pursue a suppression motion in the hope of having the charges dismissed. We have not found that a defendant's post-plea expression of the desire to pursue a motion to suppress will itself establish a fair and just reason for withdrawal. *See Haygood*, 549 F.3d at 1053 (citing *United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005)). As for prejudice, the government notes that the audio recording of the 911 call was not retained, but makes no claim that it would be prejudiced if defendant's motion to withdraw the pleas were to be granted. *See United States v. Ellis*, 470 F.3d 275, 285-86 (6th Cir. 2006)

(noting that government is not required to establish prejudice unless defendant has shown fair and just reason for withdrawal).

The fourth factor—the circumstances underlying the entry of the guilty pleas—is of particular relevance in this case. The record is clear that the district court was careful to ensure that the defendant was capable of making an informed decision, that the defendant understood the consequences of entering the guilty pleas, and that the defendant entered the guilty pleas knowingly and voluntarily.

First, in addition to inquiring generally into defendant's education, ability to read, write, and understand English, and whether he had been able to communicate successfully with his attorney, the district court inquired specifically into whether defendant's disability—for which he was receiving social security benefits—interfered with his ability to understand the proceedings, the charges, or the options before him. Defendant stated more than once that nothing was interfering with his ability to understand his options and make decisions concerning the charges.

The district court also explored the penalties defendant was facing, including the mandatory minimum 10-year sentence on count 1 and the additional 5-year mandatory consecutive sentence on count 4, and gave defendant several opportunities to put off the plea to consider the matter further. For example, the court explained, "it's entirely up to you, and we're going to talk about this as we go forward. What you do. But after you think about that and you absorb the potential penalties, do you feel like you need any more time to think about this, any more time to evaluate whether you want to proceed either today or another day

under a plea agreement or go to trial?" Defendant affirmatively stated that he wanted to continue with the pleas, and defense counsel added that the pleas would avoid the higher mandatory minimum sentence that would result from the supplemental information the government intended to file if the case were to proceed to trial. The district court confirmed that defendant had discussed this with his attorney and understood its implications.

Finally, defendant's claim that he pleaded guilty without understanding that it would preclude him from ever challenging the validity of the search is contradicted by the transcript from the plea hearing. After explaining the general trial rights that would be waived by the guilty pleas, the district court specifically advised defendant that he would be giving up the right to challenge the search.

> THE COURT: All right. Another thing you would be giving up if you decide to tender a plea of guilty is the right you would otherwise have to challenge the government's conduct in its investigation here.
>
> So, for example, if you believe that the government conducted a search that was unreasonable or otherwise violated the Fourth Amendment in some way, you would no longer be able to charge – to pursue that claim if you tender a plea of guilty and I accept that.
>
> Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: By the same token, if you believe the government was improper in its interrogation tactics, that is they questioned you, for example, without reading you *Miranda* rights or it otherwise violated your Fifth Amendment right against self-incrimination, you would be giving up any right you have to challenge that by tendering a plea of guilty that I accept today.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.

THE COURT: You've had a chance to talk all that through with your lawyer?

THE DEFENDANT: Yes.

THE COURT: Okay. Any questions that you have about the rights that you have and that you would be giving up if you decide to tender a plea today that I accept?

THE DEFENDANT: No, Your Honor. I don't.

Defendant tendered pleas of guilty on all four counts, and specifically indicated that he was making the decision of his own free will and that no one had promised him anything or threatened or coerced him in any way to get him to plead guilty. The district court again asked whether defendant wanted more time to decide, as the following exchange indicates:

THE COURT: Do you feel like you've had all the time you need to evaluate and weigh the rights you're giving up in doing this?

THE DEFENDANT: Yes.

THE COURT: And you don't want any more time to consider it?

THE DEFENDANT: No, sir.

We agree with the district court's assessment that the circumstances surrounding the defendant's pleas do not provide a basis for withdrawal in this case.

The defendant's change of heart was not the product of a hastily entered plea made with an unsure heart or confused mind, but reflects a desire to take back a tactical decision to forego the opportunity to litigate the validity of the search. The district court did not abuse its discretion in finding that, balancing the relevant factors, the defendant had not demonstrated a fair and just reason for requesting withdrawal of his guilty pleas.

**B.     Sentencing Error**

Defendant argues for the first time on appeal that it was error to impose a mandatory consecutive 60-month sentence under 18 U.S.C. § 924(c)(1)(A) because defendant was subject to a longer mandatory minimum sentence for possession with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii).  A defendant's failure to object at the time of sentencing usually dictates plain-error review.  *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir.), *cert. denied*, 129 S. Ct. 68 (2008).  We will reverse for plain error where the error not only affects substantial rights, but seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732 (1993)

In *Almany*, this court adopted the reasoning of the Second Circuit in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and joined the minority view with respect to the interpretation of the "except" clause of § 924(c)(1)(A).  *See United States v. Boyd*, 608 F.3d 331, 333 (7th Cir. 2010) (citing cases).  Although the Supreme Court has granted certiorari in two cases that will resolve this circuit split, until then *Almany* is controlling.  *See United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 1284 (2010); *United States v. Gould*, 329 F. App'x 569 (5th Cir. 2009), *cert. granted*, 130 S. Ct. 1283 (2010).  Accordingly, the government concedes that remand for resentencing is required because the defendant was exempt from the mandatory minimum sentence under the "except" clause of § 924(c)(1)(A) because he was subject to a greater mandatory minimum sentence under § 841(b)(1)(A)(iii).

The denial of defendant's motion to withdraw his guilty pleas is **AFFIRMED**, defendant's sentences are **VACATED**, and the matter is **REMANDED** for resentencing in light of *Almany*.[3]

---

[3]We express no opinion with respect to either defendant's request that his sentences on all four counts be ordered to run concurrently, or the government's suggestion that the district court may exercise its discretion to impose a consecutive sentence pursuant to 18 U.S.C. § 3553.