**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0319n.06

No. 09-5327

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 13, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| LARRY GREEN, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE:  MARTIN, NORRIS, and COOK, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.**  Larry Green was indicted on two counts related to distribution of cocaine.  Green acknowledged at his change of plea hearing that he understood the statutory minimum sentence for his offense was ten years but elected to plead guilty to one count nonetheless.  He subsequently sought to withdraw his plea.  The district court denied his pro se motion and sentenced him to the statutory minimum.  Green appeals the district court's denial of his motion to withdraw his guilty plea and also challenges the constitutionality of his sentence.

**I.**

On January 23, 2007, a federal grand jury indicted Green on two counts.  Count 1 charged Green with conspiring to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846.  Count 2 charged Green with possession of more than 50 grams of crack cocaine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1). Count 2 carried a statutory minimum sentence of ten years of incarceration under 21 U.S.C. § 841(b)(1)(A).

Green entered into a plea agreement. In exchange for a guilty plea with respect to Count 2, the government agreed to recommend the dismissal of Count 1. The plea agreement also provided for the possibility of a motion for a downward sentencing departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). At the plea hearing, the district court extensively questioned Green about the terms of the plea. Green stated that he understood the terms of the plea agreement, that the plea agreement was the parties' complete agreement, that no one made any promise or assurance to him in order to secure his agreement, and that he trusted his attorneys. The district court also advised Green of the maximum and minimum sentences for his offense:

> THE COURT: The maximum penalty in this case is life in prison, the minimum penalty is ten years under the statute . . . . Do you understand what the penalties, the maximum penalties can be in this case?
>
> GREEN: Yes , sir.
>
> THE COURT: Knowing all these things, do you understand what can happen to you as a result of your plea of guilty? You know what can happen, how bad it could be?
>
> GREEN: Ten years to life in prison.

Change of Plea Transcript at 11-12. The district court accepted Green's plea.

Eight months later, after reviewing his Presentence Report ("PSR"), Green asked his attorneys to withdraw his guilty plea, which they refused to do. Green then filed a pro se motion to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B), stating that he entered into the plea with the understanding that he would get five years' probation. The district court held a hearing on

Green's motion to withdraw his guilty plea and denied it. The court noted that when Green pleaded guilty, he told the court that he understood that the sentence ranged from ten years to life in prison. The court also considered the substantial amount of time that had elapsed between his guilty plea (January 3, 2008) and the filing of his motion to withdraw it (January 12, 2009)

**II.**

*1. Plea Withdrawal*

A voluntarily entered guilty plea that has been accepted by a district court may be withdrawn before a sentence is imposed if the defendant can show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). We review the district court's denial of Green's motion for abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses its discretion where it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (internal quotation marks omitted).

There are seven factors a district court should consider when deciding a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Id*. at 1052 (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).

No one single factor is controlling; rather, the list is general and nonexclusive. *Id.* "The relevance of each factor will vary according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" *Id*. (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

Because the parties rely upon the factors listed above, we analyze each in turn.

*a. The amount of time that elapsed since the plea*

> "The purpose of Rule 11(d) is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty. . . .The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (internal quotation marks omitted).

The earliest Green sought to change his plea was after he read the PSR on August 23, 2008, more than eight months after he pleaded guilty. Even assuming Green read the PSR when it was completed on May 20, 2008, this would still be still five months and 17 days after he pleaded guilty. Green has not explained why this gap is reasonable.[1] We have upheld a denial of such a motion even when there have been shorter delays. *See United States v. Durham*, 178 F.3d 796, 798-799 (6th Cir. 1999) (77-day delay); *United States v. Baez,* 87 F.3d 805, 808 (finding the 67-day delay and lack

---

[1] He also has not indicated why the PSR caused him to change his mind.

- 4 -

justification for delay as "[t]he strongest factors" supporting denial); *United States v. Goldberg*, 862

F.2d 101, 104 (6th Cir. 1988) (55-day delay).[2]

### b. Whether the defendant has maintained his innocence

Green never stated that he was innocent. He now takes the position that his confusion

regarding certain factual questions asked by the district court was actually a protestation of

innocence. We disagree. A full reading of the transcript, and not the narrow portion Green's brief

excerpts, demonstrates that the district court addressed any potential confusion.[3] Green also never

claimed innocence regarding Count 1; instead he claimed that the government did not have evidence

---

[2]Green's cite to *United States v. Osborne*, 565 F. Supp. 2d 927 (E.D. Tenn. 2008), is inapposite. Aside from being a district court case where the district judge has more discretion than do we, that court was motivated by evidence that the defendant wanted to withdraw his plea two weeks later, not five months later as here.

[3]GREEN: I was assuming it wasn't crack cocaine, I'm assuming it was cocaine --

THE COURT. Now, this is crack in this count, that's what I want to make sure we're altogether . . . . [H]ow do you wish to plead, because this is the crack count, do you wish to plead guilty, or do you wish to plead not guilty?

GREEN. Plead guilty on it. I signed and pled guilty with Mr. Durham [defendant's attorney], right?

DURHAM: That was part of the plea agreement -- the plea agreement was what we're pleading to now.

GREEN: Right.

DURHAM: That's exactly what the judge is asking.

THE COURT: That's the correct count that you signed on the agreement --

GREEN: Yes.

THE COURT: -- in that regard.

Change of Plea Transcript at 24-25.

to convict him on that count. Whatever Green's contentions are regarding Count 1, they are not protestations of innocence on Count 2, the relevant count in question.

*c. The circumstances underlying the entry of the guilty plea*

Green alleges that his attorneys misled him because they told him that he would only receive probation. His attorneys refuted this and the district court did not err in crediting their denials. *See United States v. Todaro*, 982 F.2d 1025, 1029-1030 (6th Cir. 1993) (affirming district court's denial of plea withdrawal after defendant's attorneys denied on the record defendant's claims that they told him he would receive probation). The record is also clear that at the time Green pleaded guilty, he affirmed that he was aware that the charge carried a statutory minimum sentence of ten years.

*d. The defendant's nature and background*

Green had been self-employed as a truck driver since 1980. We agree with the district court's conclusion that "[t]he defendant is a businessman who has made a decision in this case, so his background doesn't support any conclusion other than . . . the plea should be sustained." Withdrawal of Plea Transcript at 29.

*e. Prior experience with the criminal justice system*

According to the PSR, Green has been arrested and convicted of several state crimes and has experience with the criminal justice system.

*f. Potential prejudice to the government if the motion to withdraw is granted*

The government has not claimed prejudice in this case.

In sum, Green has presented no fair and just reason for withdrawing his plea, much less demonstrated that the district court abused its discretion.

## 2. Constitutionality of Sentence

The district court sentenced Green to the statutory minimum sentence of ten years as required by 21 U.S.C. § 841(b)(1)(A). Green did not challenge the constitutionality of his sentence in district court. However, on appeal, Green claims his sentence is unconstitutional because it treats crack offenders more harshly than their powder cocaine counterparts.

Because Green did not raise this issue in the district court below, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

> "To establish plain error, a defendant must show the following: (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009) (quoting *Koeberlein*, 161 F.3d at 949).

Green has not met this burden. We have repeatedly held that disparate sentences for crack versus cocaine powder pass constitutional muster. *See United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir. 1993) (holding the disparity does not violate the principles of equal protection and substantive due process); *United States v. Pickett*, 941 F.2d 411, 419 (6th Cir. 1991) (holding that the disparity does not violate the 8th Amendment to the Constitution); *United States v. Levy*, 904 F.2d 1026, 1034 (6th Cir. 1990) (same). In short, we detect no error, let alone plain error.

## III.

The judgment of the district court is **affirmed**.