*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0445p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

*v.*

No. 07-1771

RHAMEL HAYGOOD,

> *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-80437—Arthur J. Tarnow, District Judge.

Submitted: December 9, 2008

Decided and Filed: December 15, 2008

Before: GILMAN, SUTTON, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Margaret Sind Raben, GUREWITZ & RABEN, Detroit, Michigan, for Appellant. Terrence Randall Haugabook, Sr., ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Rhamel Haygood pled guilty to four counts relating to his possession of marijuana and firearms that the police found in his home during the execution of a search warrant. At his sentencing hearing four and a half months later, he attempted to withdraw his guilty plea. The district court denied that request and sentenced him to 66 months of imprisonment. Haygood now appeals his conviction and his sentence. He argues that the district court erred in refusing to allow him to withdraw his plea of guilty, and that his sentence should be vacated because the district court did not provide him with an opportunity to exercise his right of allocution at his sentencing hearing. For the reasons set forth below, we **AFFIRM** Haygood's conviction, but **VACATE** his sentence and **REMAND** the case for resentencing.

## I. BACKGROUND

On January 5, 2005, Haygood was at his home in Detroit, Michigan when police officers executed a search warrant based on items that they had previously found in trash bags outside the

1

house. Inside the house, they found marijuana in gallon-sized plastic bags, twelve marijuana plants, and nine firearms.

Haygood was later charged in a six-count indictment. In January 2007, the government presented its case against him at a trial before a jury. At the close of the government's case, the parties negotiated a plea agreement and Haygood entered a plea of guilty to the following four counts: (1) possession of a firearm after a felony conviction, (2) possession of marijuana with the intent to distribute the drug, (3) possession of a firearm in furtherance of a drug crime, and (4) maintenance of a "drug-involved" premises.

Haygood returned to court in June 2007 for his sentencing hearing. At that hearing, he sought to withdraw his guilty plea. He argued that "the charges should not have been brought because there was a deficient original warrant that was the basis of the execution that gave rise to the evidence in this particular case." On appeal, Haygood expands on this point. The search warrant for his residence was supported by a tip from a confidential informant and two searches of trash bags outside the house. According to the affidavit underlying the warrant, the trash searches occurred on September 19, 2004 and January 4, 2005. Haygood claims that those were not the days of his usual trash pickup, and thus concludes that the officers must have trespassed onto his property to search the trash rather than simply collecting the bags from the curb as stated in the affidavit.

The district court summarily denied Haygood's request to withdraw his guilty plea, stating that even if the warrant was defective, such a defect would not provide a valid basis to withdraw the plea. Following that ruling, the court sentenced Haygood to 6 months of imprisonment to run concurrently for three of the counts, and to 60 months of imprisonment for the remaining count of possessing a firearm in furtherance of a drug crime. The court specified that the 60-month sentence, which is the statutory minimum for the offense in question, would run consecutively with the 6-month sentence as required by 18 U.S.C. § 924(D)(ii). Haygood now appeals his conviction, arguing that the district court erred in refusing his request to withdraw his guilty plea. He also asks that his sentence be vacated because he was not given the opportunity at the time of sentencing to exercise his right of allocution.

## II.  ANALYSIS

### A.      Motion to withdraw guilty plea

#### 1.        *Standard of review*

We review the denial of a motion to withdraw a guilty plea under the abuse-of-discretion standard. *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001). A district court abuses its discretion where "it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998) (internal quotation marks omitted).

#### 2.        *Haygood's argument for withdrawal of his plea*

Rule 11 of the Federal Rules of Criminal Procedure describes the appropriate course of action when a defendant enters a guilty plea. According to Rule 11(d)(2)(B), a voluntarily entered guilty plea that has been accepted by the district court may be withdrawn before a sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." *See generally United States v. Hyde*, 520 U.S. 670 (1997) (analyzing Rule 32(e), which was transferred without change to Rule 11(d)(2)(B) as part of the 2002 Amendments to the Rules).

In the Sixth Circuit, as in other circuits, a multi-factor balancing test has been developed to guide district courts in deciding whether to grant a motion to withdraw a guilty plea. The factors in this circuit are the following:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superceded on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). No one factor controls; the list is general and nonexclusive. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). Plea withdrawals should generally not be allowed where a defendant has made "a tactical decision to enter a plea, wait[ed] several weeks, and then . . . believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)). Rather, Rule 11(d)(2)(B) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone . . . ." *Alexander*, 948 F.2d at 1004.

We first note that the factor of time weighs heavily against Haygood in this case. Haygood pled guilty on January 18, 2007. He attempted to withdraw his plea four and a half months later, on June 5, 2007. This court has affirmed the denial of motions to withdraw that came much sooner than Haygood's motion, citing lengthy delay as an important factor. *See, e.g.*, *United States v. Cinnamon*, 112 F. App'x 415, 418-19 (6th Cir. 2004) (declining to allow a withdrawal motion that came at least 90 days after the guilty plea); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 days later); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 days later).

In addition to the passage of time weighing heavily against Haygood, his appeal on this issue is doomed because he suggests only one reason why he should have been allowed to withdraw his plea: he has concluded that the search warrant that led to his arrest might have been invalid. But the appropriate way to challenge the validity of the warrant would have been to move for exclusion of the evidence that was gathered in its execution. *See Mapp v. Ohio*, 367 U.S. 643, 656 (1961) (establishing the rule that evidence obtained as the result of a Fourth Amendment violation should generally be excluded at trial); *United States v. Leake*, 998 F.2d 1359, 1365-66 (6th Cir. 1993) (affirming the exclusion at trial of evidence obtained in the execution of a search warrant that was later invalidated). Such a motion, moreover, must be made *before* trial. Fed. R. Crim P. 12(b)(3)(C).

In this case, Haygood's guilty plea came after the close of the prosecution's proof at trial. His motion to withdraw was brought several months later. Because the time for making a motion to exclude evidence had long passed, we conclude that Haygood has not presented a "fair and just reason" for his plea to be withdrawn. *See United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005) (affirming the denial of a motion to withdraw a guilty plea entered 75 days earlier, but still before trial, where the defendant's only basis to withdraw his plea was that certain evidence should be suppressed).

Haygood argues, however, that the district court might not have understood his argument for the withdrawal of his guilty plea. Indeed, the district court responded to Haygood's request by

noting that "if . . . the warrant was invalid for some reason . . . there would be nothing that would prevent [the prosecutor] to go back and reissue the warrant." This suggests that the judge might have believed that Haygood was complaining about an *arrest* warrant and not the *search* warrant. Although the district court ideally should have engaged in further discussion to ensure a thorough response to Haygood's request for a plea withdrawal, any misinterpretation on the part of the court was harmless. Even if Haygood had outlined his argument more completely, no reasonable judge could have found that a long-defaulted challenge to a search warrant provided a "fair and just reason" to withdraw his guilty plea. The district court therefore did not abuse its discretion in denying Haygood's motion.

## B.    Allocution

Haygood next argues that the district court failed to comply with Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure, which requires a sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." We apply the de novo standard of review to claims that a defendant was deprived of the right of allocution at sentencing. *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995). Compliance with Rule 32(i)(4)(A)(ii) requires the sentencing judge to "personally and unambiguously invite the defendant to speak in his own behalf." *United States v. Thomas*, 875 F.2d 559, 562-63 (6th Cir. 1989).

The government argues that Haygood "in essence" was afforded an opportunity to speak on his own behalf at sentencing. In support of this contention, the government points to the following exchange:

| | |
|---|---|
| THE COURT: | Mr. Haygood, you remember you are still under oath? |
| HAYGOOD: | Yes, sir. |
| THE COURT: | Okay. You also remember that you have a Fifth Amendment right to remain silent. So, you don't have to answer any of my questions. Do you understand that? |
| HAYGOOD: | Yes, sir. |
| . . . | |
| THE COURT: | All right. Mr. Haygood, you have a Fifth Amendment right to remain silent, which means you don't have to answer my questions unless you choose to. Do you choose to answer my questions? |
| HAYGOOD: | I plead the Fifth on all questions. |
| THE COURT: | Okay. And I cannot hold that against you. You have no obligation to answer my questions, but I will ask your attorney some questions who has the right to speak on your behalf. |

According to the government, Haygood's choice to exercise his Fifth Amendment right to remain silent operated as a waiver of his right of allocution. The Supreme Court long ago disposed of this argument by recognizing the value of a bright-line rule in this context:

> [T]o avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think that the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a *personal invitation to speak* prior to sentencing.

*Green v. United States*, 365 U.S. 301, 305 (1961) (emphasis added). A reminder of the Fifth Amendment right to remain silent cannot reasonably be construed as an unambiguous personal invitation to speak as required by *Green* and *Thomas*. *See Thomas*, 875 F.2d at 561-62 (approving an allocution procedure where the district court "directly addressed each defendant by name" and "invited each defendant *or* his defense counsel to comment individually"). Moreover, we are unaware of any case that excuses the sentencing judge from providing an allocution opportunity because the judge instead advised the defendant about his or her Fifth Amendment right to remain silent. We therefore conclude that the district court erred when it failed to invite Haygood to make a statement on his own behalf at sentencing.

Such a result may seem unnecessarily inflexible in a case such as this, considering that Haygood was sentenced to only 6 months of imprisonment on a group of three convictions for which the advisory Guidelines range was 51 to 63 months. The district court discussed the factors for fashioning a sentence under 18 U.S.C. § 3553(a) and chose to vary downward on the three counts at issue in part because the drug-related firearms count carried a mandatory five-year minimum sentence to run consecutively with the other three. We therefore have our doubts that Haygood could have said anything to inspire the court to be even more generous in sentencing him.

Nevertheless, this court has noted that prejudice is effectively presumed when allocation is overlooked because of the "difficulty in establishing that the allocation error affected the outcome of the district court proceedings." *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005). Where the defendant "did not receive the shortest sentence allowed by statute," there is at least some possibility that "allocation could have had an effect on [the] sentence," and a new sentencing hearing must be held. *United States v. Riascos-Suarez*, 73 F.3d 616, 627-28 (6th Cir. 1996), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 138 (1998).

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** Haygood's conviction, but **VACATE** his sentence and **REMAND** the case for resentencing consistent with this opinion.