RALPH B. GUY, JR., Circuit Judge.
Defendant William Peppers appeals from the denial of his motion to withdraw his guilty plea with respect to two counts of a four-count indictment. Following an evidentiary hearing, the district court denied defendant’s motion for the reasons set forth in its August 19, 2008 Order. After review of the record and consideration of the arguments presented on appeal, we find no abuse of discretion and affirm.
I.
The charges stemmed from defendant’s several-hour rampage following a domestic dispute on September 13, 2006. Defendant’s conduct included using an AK-47 to shoot out the tires of his wife’s car, shoot at a neighbor who came out to investigate, and commit two armed carjackings and an armed robbery of one carjacking victim. Specifically, after chasing the neighbor, defendant came upon Kevin Phillips and Les *188 lie Sanders, who were seated in an El Camino. Defendant forced them out at gunpoint, demanded money from Phillips, and fled with the car and $270 in cash. A short time later, defendant abandoned that car and continued on foot until he saw Isaac Sawyer, whom he knew, driving an Impala. Defendant demanded, again at gunpoint, that Sawyer drive him to another location, where the defendant got out. When apprehended nearby, defendant still had the keys to the El Camino.
The indictment, filed February 27, 2007, charged defendant with two counts of carjacking in violation of 18 U.S.C. § 2119 (counts 1 and 3), and two counts of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (counts 2 and 4). After several adjournments, trial was scheduled for the first week of the criminal trial rotation beginning on Monday, January 7, 2008. The prosecutor was notified on January 4 that defendant would plead guilty.
On January 7, 2008, defendant signed the plea agreement and entered guilty pleas to counts 1 and 4. These two counts, which were read to the defendant during the plea hearing, charged defendant with the second carjacking (count 1) and the firearm offense related to the first carjacking (count 4). During the colloquy with defendant, the district court inquired into the voluntariness of the plea, apprised defendant of the rights he would be waiving, and determined that there was a factual basis for his guilty plea.[1] Defendant’s plea was accepted, the matter was referred for a presentence report (PSR), and sentencing was set for April 7, 2008. Objections were filed, sentencing was adjourned, and substituted counsel took over defendant’s representation on April 15, 2008. Sentencing was adjourned several more times at the request of counsel.
On June 18, 2008, defendant informed the court that he might seek to withdraw his plea and additional time was allowed for him to confer with counsel. Defendant’s motion to withdraw the guilty plea, filed on July 24, 2008, was based on defendant’s assertion that he was confused, that he pleaded guilty on the advice of counsel, and that he thought he was pleading guilty to offenses relating to only one of the carjackings. After an evidentiary hearing, the district court denied the motion for the reasons set forth in the Order filed on August 19, 2008. Defendant was sentenced on October 22, 2008, to a below-guideline sentence of 120 months for the carjacking, to be followed by a consecutive mandatory term of 84 months for the § 924(c) conviction. This appeal followed.
II.
To withdraw a guilty plea before sentencing, the defendant bears the burden to demonstrate “a fair and just reason for requesting the withdrawal.” Fed. R.CrimP. 11(d)(2)(B). The purpose of this provision is to allow a “ ‘hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.’ ” United States v. Dixon, 479 F.3d 431, 436 (6th Cir.2007) (citation omitted).
This court has developed a multi-factor balancing test to guide the decision on such a motion. United States v. Haygood, 549 F.3d 1049, 1052 (6th Cir.2008). The factors we have identified are as follows:
*189 (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant’s nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.
Id. (citation omitted). This list of factors is not exclusive, no one factor is disposi-tive, and the relevance of each factor will vary according to the circumstances. Id.; see also United States v. Ellis, 470 F.3d 275, 281 (6th Cir.2006) (noting that government need not establish prejudice unless the defendant has shown a fair and just reason for withdrawal).
The district court’s denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. Haygood, 549 F.3d at 1052. A district court abuses its discretion when “ ‘it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.’ ” Id. (citation omitted). The district court, having taken the plea and heard defendant’s testimony in support of his motion to withdraw the plea, carefully considered the seven factors identified by this court and determined that the defendant had not met his burden to establish a fair and just reason for withdrawal.
The district court found that factors one and two — concerning the amount of time that had passed and the reasons offered for such delay — did not lend support either to granting or denying the motion. Both the defendant and the government take issue with the neutral treatment of these factors. The delay of eight months between the guilty plea on January 7 and the motion to withdraw the plea on July 24 was lengthy. This court has said that “ ‘a defendant’s reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time.’” United States v. Baez, 87 F.3d 805, 808 (6th Cir.1996) (citation omitted).
The district court accepted defense counsel’s statement that a substantial portion of the delay was due to the substitution of counsel prior to sentencing, and acknowledged that the defendant indicated that he might seek to withdraw his plea more than a month before the motion was actually filed. Neither fact, however, addressed the three months that passed between the plea and the substitution of counsel. While such a delay has been found to weigh against withdrawal in other cases, it certainly was not an abuse of discretion for the district court to find that these factors did not weigh in favor of withdrawal in this case. See Haygood, 549 F.3d at 1053 (citing United States v. Cinnamon, 112 Fed.Appx. 415, 418-19 (6th Cir.2004) (declining to allow withdrawal where motion was filed at least 90 days after the guilty plea)); Baez, 87 F.3d at 808 (67 days); United States v. Goldberg, 862 F.2d 101, 104 (6th Cir.1988) (55 days); but see United States v. McCoy, 155 Fed.Appx. 199, 203 (6th Cir.2005) (remanding where district court relied solely on 133-day delay and there was no express waiver of constitutional rights).[2]
*190 Factors three and four — whether defendant asserted or maintained his innocence and the circumstances surrounding the plea — were found by the district court to be dispositive. In seeking to withdraw his plea, defendant testified that although he had discussions with his attorney about a plea offer, he thought he was coming to court on January 7 for trial on all four counts and did not intend to plead guilty. However, the January 7th transcript does not reflect any uncertainty about it being a plea-change hearing as opposed to a trial. Although defendant asserted his innocence of all the charges at the conclusion of the hearing on the motion for withdrawal, defendant’s claim was then and continues to be that he pleaded guilty to the wrong counts. On appeal, defendant emphasizes his testimony at sentencing denying that he used the AK-47 in taking the El Camino from Phillips. That denial, which was contradicted by statements from several witnesses, was not a claim of innocence.
Defendant testified at the hearing on the motion that he had wanted to fire his attorney when he came to court on January 7, although he did not say so once he was there. In fact, when asked, defendant expressed satisfaction with his attorney, said he had discussed the plea agreement with counsel, and had his questions answered by counsel. Despite defendant’s later claim that he had been confused about which charges he was pleading guilty to, the terms of the plea agreement were reviewed and counts 1 and 4 were read to the defendant at the outset of the change of plea hearing. Also, in establishing the factual basis for the plea, the government outlined the proof as it related to both carjackings. Although defense counsel noted defendant’s disagreement with some of the facts — unspecified things about the sequence of events — defendant nonetheless admitted that the government would likely have been able to establish the essential elements of count 1 and count 4. The district court asked defendant whether he needed to talk privately with his attorney before entering the plea, but defendant answered “no” and pleaded guilty to count 1 and to count 4.
Defendant testified in seeking to withdraw his plea that he was “really disappointed” with the sentence recommendation in the PSR for a carjacking and a firearm that he now claimed not to have possessed. Confronted by the district court with his post-arrest admission to having used the AK-47 in stealing the cars, defendant claimed that he had been threatened and “somewhat” coerced by the police into confessing that he had the AK-47. He then also said he had been coerced by his attorney into pleading guilty, contradicting his prior testimony that he entered the plea agreement of his own free will.[3]
*191 The district court found that the defendant’s prior experience with the criminal justice system — the sixth factor — undermined defendant’s claim that he had been confused about the pleas he entered in this case. Defendant acknowledged that he had as many as 18 prior guilty pleas, although he argued that they were mostly state convictions for driving-related offenses. Without disputing that this factor was relevant, defendant argues that his history and characteristics — the fifth factor — supported his claim of a fair and just reason for withdrawing his guilty plea.
Defendant was 42 years of age and had a tenth-grade education. At the hearing on the motion to withdraw, defendant testified that he was a “slow learner,” attended a special education- class, and could hardly read, but could “read some.” In connection with the PSR, defendant indicated an intention to complete his GED. Defendant argues on appeal that his educational level and the effects of his cocaine addiction may have caused him to have trouble understanding what he was doing. The district judge, who observed defendant testify at both hearings, found that defendant’s plea was voluntary and knowing. The question for this court is not whether we would believe defendant’s claim of confusion, but, rather, whether it was an abuse of discretion for the district court not to believe him.
On this record, we cannot conclude that the district court abused its discretion in finding, after balancing the relevant factors, that the defendant had not demonstrated a fair and just reason to withdraw his guilty plea to counts 1 and 4.
AFFIRMED.

. Although the plea agreement contained a waiver of appeal rights, the government makes no claim that the issues raised in this appeal are covered by that waiver.

. The dissent acknowledges that the record does not reflect whether delay between the plea in January and the substitution of counsel in April may be attributed to a lack of communication with counsel. During that period, defendant was interviewed by proba *190 tion and objections were filed to the PSR on his behalf without mention of a desire to withdraw his plea. As the government emphasizes, defendant became dissatisfied only after discovering that the PSR recommended a higher sentence than he had anticipated.

. Although the dissent concludes that the district court "apparently agree[d]” that counsel may have pressured the defendant into pleading guilty, that was neither a factual finding nor is it a fair reading of the colloquy with counsel. Rather, the district court’s response to counsel's expressed discomfort with the suggestion that prior counsel had coerced the plea was that counsel knew defendant's claim was that he had been misled. The record also reflects that the government was unwilling to agree to a plea that did not account for both victims; that, absent a plea, defendant faced a minimum consecutive 25-year term on the second firearm offense; and that the witness statements admitted into evidence at sentencing justified the defense's concession that the government would likely be able to prove both firearm offenses.