**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1300n.06

No. 11-5883

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
*Dec 19, 2012*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| SHAUN MICHAEL SMITH, | ) DISTRICT OF KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE:  SILER, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM.  Shaun Michael Smith, a federal prisoner, appeals the denial of his motion to withdraw or vacate his guilty plea, following his conviction for conspiracy to defraud, twenty counts of mail fraud, and two counts of wire fraud.

Smith was indicted with several co-defendants who had conspired to defraud investors in an oil and gas well drilling program headed by Smith's father.  Two of the co-defendants entered guilty pleas and testified against the remaining defendants at trial.  After seven days of trial and testimony from government witnesses, Smith and one other co-defendant elected to enter pleas of guilty.  The trial continued against Smith's father and uncle, resulting in their convictions.  More than ten months after entering his plea, Smith filed a motion to withdraw or vacate the plea.  The district court held an evidentiary hearing on the motion and denied it.  Smith was ultimately sentenced to thirty months

of imprisonment. On appeal, Smith argues that the district court erred in denying his motion to withdraw or vacate his guilty plea.

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). The district court discussed the factors relevant to the motion, including the length of time between the guilty plea and the motion to withdraw, the existence of any reason for not moving earlier, whether Smith had maintained his innocence, the circumstances surrounding the plea, and Smith's familiarity with the criminal justice system. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Smith waited over ten months before moving to withdraw his plea, a lengthy delay that counsels against withdrawal. He argued that he needed to obtain funds to hire a new attorney before filing his motion, but the district court disagreed, finding that Smith could have asked his original counsel to file the motion. Smith argued that he had maintained his innocence, but the district court rejected that argument as not consistent with the record of the guilty plea proceeding. Smith argued that he had turned down plea offers of three and eight years, and, therefore, must have been telling the truth when he testified at the motion hearing that he had been promised by his original counsel that he would get no prison time if he entered a plea. The district court found Smith's testimony not credible, compared to the testimony of his original counsel and counsel for his co-defendant who also entered a plea. Both denied that any promise of avoiding prison time had been made and stated that Smith was aware that he could not get a better deal than the co-defendants who cooperated with the government and testified at trial. The plea offers Smith turned down were better than the guidelines range of 135 to 168 months that had been calculated at the time he moved to withdraw, but they were not better than

the sentence he actually received. Moreover, he acknowledged during the guilty plea proceeding that he would have no right to withdraw his plea if his sentence were longer than he expected. Finally, the district court noted that, although Smith had no previous experience with the criminal justice system, he was an intelligent, college-educated person who did not appear to misunderstand the guilty plea proceeding. We find no abuse of discretion in the district court's consideration of the relevant factors or its denial of the motion to withdraw the plea.

Alternatively, Smith argues that the district court should have vacated the plea because it was not supported by a factual basis, *see United States v. Mastrapa*, 509 F.3d 652, 661 (4th Cir. 2007). He relies on one exchange during the guilty plea proceeding, when the district court asked whether Smith knew that the brochures he was mailing out were untruthful, and he responded, "I do now." He argues that, if he did not know the brochures were untruthful at the time they were mailed, there is no factual basis for his plea. However, the district court may base its determination of a factual basis on the entire record. *Id.* In this case, the record included substantial evidence that Smith was aware that investors were being defrauded and that the mails were being used to facilitate the scheme. *See United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997). The record included evidence that Smith acted as the bookkeeper for the enterprise, receiving checks from investors, depositing them into bank accounts that gave the appearance the funds would be invested in an oil or gas well, and then transferring the funds to his family's accounts for their private use. The record also showed that Smith knew that wells were not being drilled where they were represented to be, and were not being developed so that they could produce oil or gas. Smith knew that several states had issued cease-and-desist orders against the enterprise because they were selling securities without

disclosing all material facts. One of the cooperating co-defendants testified that Smith posed as a satisfied investor on an Internet forum, making false representations that he had earned large sums from his oil and gas well investments. The co-defendant also testified that Smith had devised a scheme to plant drugs on a driller who he thought was cooperating with the government investigation. In spite of the one ambiguous response on which Smith bases his argument for vacating his plea, the entire record establishes a sufficient factual basis to support his guilty plea to the charges.

For all of the above reasons, we affirm the district court's denial of Smith's motion to withdraw or vacate his guilty plea.