NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0662n.06

No. 13-1862

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Aug 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MOSES LEROY MITCHELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS and GRIFFIN, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

ROGERS, Circuit Judge. Moses Mitchell pled guilty to two counts of using or carrying a firearm in relation to a crime of violence, namely bank robbery. At his sentencing hearing five months later, Mitchell orally moved to withdraw his guilty plea. The district court denied his motion and sentenced Mitchell to 35 years of imprisonment. Mitchell challenges the district court's decision to deny his motion to withdraw his guilty plea. As part of his plea, Mitchell knowingly and voluntarily waived the right to appeal his conviction or sentence on any grounds. Because this appeal constitutes an attack on Mitchell's conviction, it is barred by his waiver, and the appeal must be dismissed.

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Over the course of two months, Mitchell robbed five banks, twice with accomplices. Soon thereafter, Mitchell was indicted by a grand jury and charged with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, five counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2, and five counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

In December 2012, Mitchell entered into a written plea agreement and pleaded guilty before a magistrate judge. In the written agreement, Mitchell agreed to plead guilty to counts 9 and 11, using or carrying a firearm during or in relation to a crime of violence (bank robbery). In exchange for that guilty plea, the Government agreed to dismiss all other charges against Mitchell. As part of the plea agreement, Mitchell admitted robbing five banks and taking over $50,000, and having been armed with a handgun each time. The plea agreement indicated that Mitchell's guideline range was 420 months (35 years), and that the mandatory minimum sentences were 10 years and 25 years for counts 9 and 11, respectively.[1] The agreement contained an appellate waiver provision, under which Mitchell "waive[d] the right to appeal his conviction or sentence on any grounds," provided that his sentence did not exceed the 420-month guideline range. The plea agreement explicitly permitted Mitchell to withdraw from the agreement and withdraw his guilty plea *only if* the court imposed a prison sentence higher than 420 months. Mitchel signed the written plea agreement and in writing acknowledged

> having read (or been read) this entire document, understanding it, and agreeing to
> its terms. [Mitchell] also acknowledges being satisfied with defense attorneys'
> advice and representation. [Mitchell] acknowledges having had a full and

---

[1] The plea agreement also included a special assessment of $200 and restitution for all five financial institution victims.

> complete opportunity to confer with counsel, and that all of [his] questions have been answered by counsel.

R. 70, at 13, PageID # 316.

Before receiving Mitchell's plea, the magistrate judge discussed in detail the charges, their factual basis, the rights Mitchell was giving up, and the consequences of the plea. The magistrate judge questioned Mitchell about his level of understanding and the legal assistance he received, and found Mitchell's answers to be satisfactory. Mitchell indicated that he understood the charges in counts 9 and 11 and their consequences, that he was satisfied with his counsel's advice and service, and that he understood the rights he was giving up. The prosecutor summarized the terms of the written plea agreement, which included a factual summary of Mitchell's criminal conduct, and Mitchell indicated that the summary comported with his understanding of the agreement. Mitchell admitted the factual basis of the guilty plea in detail. Finally, Mitchell indicated that he understood that, after entering the guilty plea, he would not be able to appeal, and that he understood the pleas and made them voluntarily and as an act of his own free will.

The magistrate judge found that Mitchell was competent to tender a plea, that his pleas were knowingly and intelligently made after consultation with counsel, and that each of the offenses to which he pleaded guilty were supported by an independent basis in fact. The magistrate judge recommended that Mitchell's plea be accepted, that Mitchell be adjudged guilty, and that the court impose a sentence. The district court adopted the magistrate judge's report and recommendation, and accepted Mitchell's guilty plea on January 7, 2013.

On May 23, 2013, Mitchell appeared before the district court for sentencing. At the hearing, against the advice of counsel, Mitchell orally moved to withdraw his guilty plea, on the basis that he had not made an informed decision with regard to the entry of the plea. Mitchell also denied committing the bank robbery. At the hearing, Mitchell explained:

> Because I just—with going through with this, just letting it be as it is, I mean, it's already taking my whole life away from me. I'm only 20 years old. If I go through with this, 35 years, I come out at 55, that's no life. What do I have to draw from? Education, start something, five or ten years left to live of my life, I just—I just don't see that happening.
>
> I mean, nowadays, by the time you're 18, 21, as a young black male, you're either dead or in jail and I still have a chance—I still think I have a chance to be successful in life. I just need to be given another chance. I don't feel I belong behind bars or in prison. I don't know nothing about prison or jail. I just don't think that is in my best interests.
>
> I think the way the world is now, we should try to—try to rehabilitate people instead of just throwing them away. I mean, rehabilitation—if you take my life away from me, I mean, what's—what's to say, I mean, that it's not going to happen again, I mean, more people doing the same thing that I had done. I mean—I mean, my children aren't going to have nothing to draw from. I mean, it's just pointless and I just don't feel that I should be placed behind a place like this.
>
> I'm not a bad person. Yeah, I made a bad decision but I mean, people make mistakes. Nobody is perfect. I mean, I just think I should have a fair chance at having my life back.

R. 97, at 8–9, PageID # 540–41. Mitchell also argued that he did not understand what was going on during the plea hearing, that he "disagree[d] on everything," and that he "just told them what they wanted to hear." R. 97, at 10, PageID # 542. Mitchell explained that he wanted to withdraw his plea because he wanted to go to trial, and that the information he provided to the

magistrate judge relating to the robberies was false because he "felt like [he] would be wasting time if [he] said [he] didn't understand." R. 97, at 12, PageID # 544.

The district court denied Mitchell's motion to withdraw his plea, concluding that there was not "a fair and just reason for requesting the withdrawal," as required under Rule 11. *See* Fed.R.Crim.P. 11(d)(2)(B). The court reasoned that the timeframe for requesting a withdrawal had passed, and that "Mitchell offer[ed] no reason (much less a valid one) to explain why he did not move to withdraw his plea earlier in the proceedings." In addition, the court noted that at the plea Mitchell did not assert his innocence, repeatedly acknowledged his guilt, and "accepted responsibility for the facts and testified that his plea was voluntarily and intelligently made." The court determined that, based on his educational level and prior experience with the criminal justice system, he was not naïve with respect to the consequences of a plea. Finally, the court added that granting the motion would prejudice the Government because, after Mitchell's plea, each of his co-defendants had been sentenced; thus the Government lost any leverage it may have had to persuade the other defendants to testify against Mitchell. The district court imposed a judgment and sentenced Mitchell to 35 years (420 months) of imprisonment for counts 9 and 11 of the indictment (10 and 25 years, respectively), to be followed by 3 years of supervised release.

Mitchell appealed the district court's judgment, arguing that his plea was involuntary because it was not a knowing decision, that the court never accepted his guilty plea as to count 11, and that the court relied on erroneous facts in deciding his motion to withdraw his guilty plea.

Mitchell waived his right to appeal the denial of his motion to withdraw his guilty plea. Mitchell's claim on appeal falls squarely within the waiver provision in Mitchell's plea agreement. This court has held that "an appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision." *United States v. Toth*, 668 F.3d 374, 378–79 (6th Cir. 2012). Mitchell, in his written plea agreement, "waive[d] the right to appeal his conviction or sentence on any grounds" if his sentence did not exceed 420 months and "agree[d] not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255." R. 70, at 10, PageID # 313. "[I]f a defendant enters a guilty plea pursuant to a plea agreement, reference in the plea agreement to the 'conviction' can only mean the guilty plea from which the judgment of conviction resulted." *Toth,* 668 F.3d at 378. In *Toth* we analyzed a waiver provision equivalent in scope to Mitchell's, and observed that the "guilty plea that formed the basis of [the defendant's] criminal judgment remained valid because the district court refused to allow him to withdraw his guilty plea," and therefore, "the motion to withdraw his guilty plea is inextricably part of the judgment of conviction entered against him." *Id.* at 378. Therefore, because the language of the appeal waiver in Mitchell's plea agreement unambiguously prohibits appeals of the "conviction or sentence," his appeal of the denial of the motion to withdraw a guilty plea falls within the scope of—and is barred by—the waiver.

Furthermore, the appeal waiver in Mitchell's plea agreement is enforceable because his waiver was knowing and voluntary. "[A]n appeal waiver is enforceable if the defendant's waiver of his appellate rights was knowing and voluntary." *Toth,* 668 F.3d at 378. Mitchell

argues that the plea itself was not voluntary, because he lacked an understanding of the plea agreement. Appellant's Rep. Br. at 1–2. However, an independent review of the record shows that Mitchell's plea and his appeal waiver were knowing and voluntary. First, Mitchell attested in writing that he understood and voluntarily agreed to the plea agreement. Second, Mitchell told the magistrate judge under oath that he understood that he was giving up his right to appeal, including both direct and collateral appeal. In addition, Mitchell indicated under oath that he understood the pleas and made them voluntarily and as an act of his own free will. In determining whether a guilty plea is knowing and voluntary, "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the plea agreement's] consequences." *United States v. Jones*, 403 F.3d 817, 823–24 (6th Cir. 2003) (quoting *United States v. Walker*, 160 F.3d 1078, 1096 (6th Cir. 1998)) (modifications in original). Because Mitchell knowingly and voluntarily waived the right to appeal his conviction or sentence on any grounds, and because Mitchell's claim on appeal falls within the scope of the appeal waiver in this case, the waiver bars this appeal.

In any event, were we to reach the merits of this appeal, the district court did not abuse its discretion in denying Mitchell's motion to withdraw his guilty plea because Mitchell failed to make the requisite showing for such relief. Under Rule 11 of the Federal Rules of Criminal Procedure, a guilty plea that has been accepted by the district court may be withdrawn before a sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court properly applied the applicable multi-factor balancing test set forth in *United States v. Haygood* in analyzing whether to grant

Mitchell's motion to withdraw a guilty plea. R. 88, at 4–7, PageID # 462–65; *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). Each of the seven *Haygood* factors weighs against a finding of a "fair and just reason for requesting withdrawal," and the court did not rely on any clearly erroneous finding of fact.

Because of an apparently typographical error, Mitchell argues that Mitchell's plea was, at least in part, not actually accepted by the district court. The district court's order accepting Mitchell's guilty plea referred to Mitchell's "guilty plea as to counts 9 and 10 of the indictment," rather than counts 9 and 11. R. 74, at 2, PageID # 332. This argument is reviewed for plain error because it was not raised before the district court in Mitchell's original motion to withdraw his guilty plea. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). A review of the record clearly indicates that the district court made a mistake in typing the number 10 rather than the number 11 in its order accepting the guilty plea. On all prior occasions, it was absolutely clear that Mitchell pled guilty to counts 9 and 11 of the indictment; this specific plea of guilty was outlined in the written plea agreement itself, discussed repeatedly at the plea hearing, offered by Mitchell at the plea hearing, and recommended by the magistrate judge. The district court explicitly adopted the magistrate judge's report and recommendation, and accepted Mitchell's guilty plea. No explanation other than clerical error exists to explain the discrepancy between the district court order and all other mentions of the guilty plea. "In a criminal case, if a clerical error is first noticed while a case is on appeal, the appellate court may treat the matter as if it were corrected or it may refer the matter to the district court to make the record conform to the truth." Charles Wright, Andrew D. Leipold, Peter J. Henning, & Sarah N. Welling, 3 *Federal*

*Practice and Procedure Criminal* § 641 (4th ed.). Accordingly, we treat the district court's order

as having accepted Mitchell's plea as to count 11, not 10.

For the foregoing reasons, we dismiss the appeal.