**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0190n.06

No. 14-5974

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 10, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| ANDRE LEE DAVIS, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: BATCHELDER and WHITE, Circuit Judges; COX, District Judge.[*]

PER CURIAM. Andre Lee Davis appeals the sentence imposed following the revocation of his supervised release.

In 2002, Davis pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to 121 months in prison, to be followed by 36 months of supervised release.

In 2014, a probation officer filed a petition in the district court, alleging that Davis violated the conditions of his supervised release by failing to appear for drug testing and by testing positive for marijuana. Davis admitted the violations during a revocation hearing before a magistrate judge. Based on his Grade C violations and criminal history category of III, Davis's guidelines range of imprisonment was 5 to 11 months. The magistrate judge recommended

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

revoking Davis's supervised release and sentencing him to 15 months in prison. Over Davis's objections, the district court adopted the recommendation.

On appeal, Davis argues that his sentence is procedurally and substantively unreasonable in several respects: (1) the district court failed to consider the statutory sentencing factors; (2) the court erred by imposing a sentence without giving him the opportunity to allocute; and (3) the court failed to adequately explain its reasons for imposing an above-guidelines sentence.

Upon review, we conclude that the district court erred by imposing Davis's sentence without giving him the opportunity to allocute. *See* Fed. R. Crim. P. 32.1(b)(2)(E); *United States v. Waters*, 158 F.3d 933, 944 (6th Cir. 1998). And because Davis's allocution could have affected his above-guidelines sentence, we must vacate the sentence and remand the case to the district court for resentencing. *See United States v. Haygood*, 549 F.3d 1049, 1055 (6th Cir. 2008). Given that resentencing is required, we need not address Davis's remaining claims that the district court failed to consider the statutory sentencing factors and failed to adequately explain its sentence.

Accordingly, we vacate Davis's sentence and remand for resentencing consistent with this opinion.