NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0466n.06

No. 14-5585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 23, 2015<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| **Plaintiff-Appellee,** | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| MARVELL ANTONIO CULP, | ) | DISTRICT OF TENNESSEE |
|  | ) |  |
| **Defendant-Appellant.** | ) | **OPINION** |
|  | ) |  |

**BEFORE: NORRIS, SUTTON, and DONALD, Circuit Judges.**

**PER CURIAM.** Marvell Culp pleaded guilty to sex trafficking, had second thoughts, and moved to withdraw his plea. The district court denied his motion and then sentenced him, among other things, to pay $4,500 in restitution to one of his victims. Culp appeals the denial of his motion and the order of restitution.

Culp claims he is innocent, never wanted to plead guilty to sex trafficking, and should have been allowed to withdraw his guilty plea. He argues that while he was violent with a prostitute, this was a case of "domestic violence turned to sex trafficking." Culp also argues that, because his victim provided inadequate proof of her claimed losses, the district court improperly ordered him to pay $4,500 in restitution.

**I.**

In a thirteen-count superseding indictment, the government charged Culp with two counts of sex trafficking, 18 U.S.C. § 1591; nine counts of using an interstate facility to promote

prostitution, 18 U.S.C. § 1952; one count of solicitation to commit kidnapping, 18 U.S.C. § 373; and one count of obstruction of justice, 18 U.S.C. § 1503. After the district court denied Culp's motion to suppress incriminating handwritten notes and phone calls, Culp agreed to plead guilty pursuant to a written agreement.

As part of the plea agreement, the government agreed to dismiss all but one count of the superseding indictment. Culp appeared at a change-of-plea hearing on September 6, 2012 intending to plead guilty. Because Culp expressed uncertainty about pleading guilty, the court continued the hearing, allowing him time to reconsider. Culp returned to court on September 11, 2012 and pleaded guilty to one count of sex trafficking. On September 18, 2013, more than a year after his guilty plea, he filed a Motion to Withdraw Guilty Plea Pursuant to Rule 11(d)(2)(B). The district court denied Culp's motion on February 4, 2014.

In April 2014, the district court sentenced Culp to fifteen years of imprisonment, five years of supervised release, and ordered him to pay $4,500 in restitution to the victim.

## II.

### 1. Withdrawal of Guilty Plea

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses its discretion when it 'relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard.'" *United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011) (quoting *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006)).

Rule 11 of the Federal Rules of Criminal Procedure governs pleas. It permits a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

11(d)(2). The purpose of Rule 11 is to allow a defendant to withdraw "a hastily entered plea made with unsure heart and confused mind." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). To determine whether a defendant has shown a fair and just reason for requesting a plea withdrawal, we look at a number of factors, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Haygood*, 549 F.3d at 1052 (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)); *see also United States v. Martin*, 668 F.3d 787, 795–97 (6th Cir. 2012). These factors are a useful guide, but they are "general and nonexclusive." *Id*.

When a defendant has a change of heart and asks the court to withdraw his plea, he must do so without unwarranted delay. *See, e.g.*, *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (finding a 67-day delay between plea and motion to withdraw excessive); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (75 day excessive); *Haygood*, 549 F.3d at 1053 (138 days excessive). A delay of more than six months presents a defendant with an almost insurmountable obstacle to withdrawal. *See Ellis*, 470 F.3d at 282 ("[P]rolonged delay weighs heavily against Defendant and supports an affirmance of the district court's denial of the motion."). Here, Culp moved to withdraw his plea more than a year after pleading guilty and is unable to establish a valid excuse for the delay. This prolonged delay supports the district court's denial of Culp's motion.

The circumstances underlying the entry of the guilty plea show a patient and methodical approach by the district court. When Culp first appeared to enter his guilty plea and expressed

confusion and discomfort to the district court, the district court delayed Culp's plea decision for five days. When Culp returned, the district court was satisfied that Culp was alert to the proceedings, calm, and had made a sober decision. The district court took precautions to ensure that Culp entered his guilty plea thoughtfully, not under coercion, and with a sound mind. The circumstances underlying Culp's guilty plea provide no reason to allow him to withdraw it.

Culp's lengthy delay in moving to withdraw coupled with the district court's patience weigh strongly against withdrawal. While Culp asserted his innocence throughout the proceedings and he does not have extensive prior experience with the criminal justice system, these factors are "not particularly compelling in light of the strength of the factors weighing against withdrawal." *United States v. Martin*, 668 F.3d at 797. Here, the district court relied on appropriate facts and properly applied the correct legal standard. It did not, therefore, abuse its discretion in denying Culp's motion to withdraw his guilty plea.

## 2. Restitution

Courts must award restitution to victims of sex trafficking. 18 U.S.C. § 1593(a). Here, the district court awarded $4,500 in restitution to the victim of Culp's sex trafficking. Culp asks us to vacate that award and remand the matter to the district court for resentencing with an instruction to award no restitution. But at sentencing Culp did not object to the district court's order of restitution. We therefore review for plain error. *United States v. Koeberlein*, 161 F.3d 946, 949-50 (6th Cir. 1998).

In Culp's plea agreement, he waived his "right to appeal any sentence imposed by the [district] Court and the manner in which the sentence is determined so long as [it] is in accord with t[he] Agreement." Restitution is part of Culp's "sentence." *See United States v. Winans*, 748 F.3d 268, 271 (6th Cir. 2014). Furthermore, Culp acknowledged that the sex-trafficking statute at

issue requires him to pay restitution, and he agreed to "make restitution in an amount to be determined by the Court." The district court determined, from an uncontroverted victim statement, that $4,500 in restitution was proper.

We find no plain error by the district court. Culp both waived his right to appeal his sentence and explicitly agreed to pay restitution. Therefore, we affirm the district court's order of restitution.

**III.**

The judgment of the district court is **affirmed**.