**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0152n.06

Case No. 15-6350

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DONALD WILLETT, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Mar 08, 2017
DEBORAH S. HUNT, Clerk

BEFORE: SILER, MOORE, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Donald Willett pleaded guilty to three felony charges. On appeal, he moves to withdraw his guilty plea and claims the district court erred when it denied his motion to disqualify the prosecutor. The appellate waiver contained in Willett's plea agreement limits the scope of any appeal to claims of prosecutorial misconduct or ineffective assistance of counsel, precluding some of Willett's claims. As Willett's claims of prosecutorial misconduct are meritless without further factual development, we affirm.

**I**

Willett was charged in a superseding indictment with one count of conspiring to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, two counts of distributing a mixture containing methamphetamine under 21 U.S.C. § 841(a)(1),

(b)(1)(C), and one count of conspiring to obstruct justice under 18 U.S.C. §§ 371, 1512(b). He pleaded guilty in January 2015 to Counts One, Three, and Four and the government agreed to dismiss Count Two. In the plea agreement, Willett and the government agreed "that the appropriate sentence in this case is a term of imprisonment of not more than ten years." Willett also agreed that he "knowingly and voluntarily waive[d] the right (a) to directly appeal his conviction and the resulting sentence, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise." The court asked if Willett understood the significance of this appellate waiver at his change-of-plea hearing and was satisfied that Willett did so. In a plea supplement, the government agreed that upon condition of "complete and truthful cooperation" from Willett it would:

> consider making a motion pursuant to §5K 1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), stating the extent to which the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. The extent of downward departure requested in such motion shall be a matter within the sole discretion of the United States Attorney.

The presentence report ("PSR") described Willett's involvement during the conspiracy charged in Count One with a delivery of ten pounds of methamphetamine from Jason Elder, a defendant in a related drug case. The total amount of methamphetamine mixture attributable to Willett under the Sentencing Guidelines for that transaction was at least 1.5 kilograms but less than 5 kilograms, giving him a base offense level of 32. Once adjustments were made, Willett's total offense level was 31, and with a criminal history category III he faced a Guidelines sentence range of 135 to 168 months. This range exceeded the ten-year sentence agreed to in the plea agreement. Willett unsuccessfully objected to the PSR's reference to his receipt of ten

pounds of a mixture containing methamphetamine and objected to being held responsible for methamphetamine rather than a mixture containing methamphetamine.

He subsequently moved to withdraw his guilty plea. This was based on Willett's contention that he had just learned prosecutors did not plan to make a substantial-assistance motion to permit a sentence below the ten-year mandatory minimum contemplated by his plea agreement. The government responded that a substantial-assistance motion was not warranted since Willett's proffers contained false information and were a significant waste of time for the law enforcement officers who listened to them and then engaged in investigative efforts to confirm them. Willett filed a written motion to withdraw his guilty plea in August 2015, claiming that new evidence had come to light rebutting the conspiracy charge, that he had not understood the particulars of the allegations against him, and that he disagreed with the factual predicate for the plea.

In response to Willett's written motion to withdraw his guilty plea, the government reported receiving a number of letters purportedly from Elder allegedly exonerating Willett in the ten-pound methamphetamine transaction. Willett claimed that he thought this information would lead the government to move for a downward departure, but the government proffered information that regardless of the letters' contents there were other witnesses who would testify that they observed Willett in the company of Elder when approximately ten pounds of methamphetamine were delivered.

Willett then submitted an affidavit in which he claimed that when he pleaded guilty the government had told him that Elder would testify against him but that Elder later wrote letters suggesting he would exonerate Willett. While the government stipulated that Elder wrote the letters, it did not stipulate to their truthfulness.

Willett filed a motion to disqualify AUSA Larry Fentress on the same day he filed the reply in support of his motion to withdraw his guilty plea. Willett alleged that Fentress was biased against him as a result of Fentress's work with Kentucky State Police Detective Matt Conley and Willett's claim to have slept with Detective Conley's wife. Willett cited a number of examples of what he saw as evidence of Fentress's retribution against him, including the dismissal of charges against a criminal defendant against whom Willett was to testify on behalf of the government and the government's continued reliance upon Elder as a witness against Willett even after the letters written by Elder became known. The district court denied Willett's motion to disqualify Fentress.

The district court also denied Willett's motion to withdraw his guilty plea. The court found that Willett had pleaded guilty under oath, that the guilty plea was informed, knowing, and voluntary, that upon receipt of the letters from Elder, Willett took no action to withdraw his guilty plea until after he discovered the government would not file a motion for a downward departure at sentencing, and that Willett had prior experience with the criminal justice system. The court also relied on the fact that the terms of the plea agreement did not mandate that the government would file a substantial assistance motion but only required the government to consider making one while leaving the ultimate decision in the sole authority of the government.

At sentencing, the district court accepted the plea agreement and sentenced Willett to a term of imprisonment of 120 months. When the sentencing hearing concluded, Willett refused to sign a form acknowledging he had waived his right to appeal.

The government moved to dismiss Willett's appeal based on the appellate waiver contained in his plea agreement. A motions panel of this court denied the government's motion. *United States v. Willett*, Case No. 15-6350, Order (6th Cir. Sept. 23, 2016). The motions panel

ruled that the district court created an ambiguity in the plea agreement when it did not specify that Willett had preserved the right to raise claims of prosecutorial misconduct or ineffective assistance of counsel on collateral review but instead only said Willett had a right to appeal on those grounds. *Id*. Since ambiguities in plea agreements are construed against the government, the motions panel ruled Willett's direct appeal was not barred "to the extent that he raises claims of prosecutorial misconduct." *Id*.

## II

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). Review of the denial of a motion to disqualify the prosecutor is also for an abuse of discretion. *United States v. Brooks*, 41 F. App'x 718, 722 (6th Cir. 2002). We review the district court's refusal to compel the government to move for a downward departure at sentencing only for unconstitutional motives. *United States v. Hawkins*, 274 F.3d 420, 427-28 (6th Cir. 2001) (per curiam) (quoting *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000)).

## III

In order to withdraw a guilty plea, a defendant must show a "fair and just reason" why he should be allowed to do so. Fed. R. Crim. P. 11(d)(2)(B). When considering whether to allow a defendant to withdraw a guilty plea, district courts consider a number of factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded in part by statute as stated in United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000). Here, the district court did not abuse its discretion when it conducted its *Bashara* analysis.

As the district court noted, Willett moved to withdraw his guilty plea only after it became clear to him that the government would not file a substantial-assistance motion on his behalf. A period of seven months elapsed between when Willett entered his guilty plea and when he sought to withdraw it. He claimed to have been promised a motion for a downward departure, yet when he entered his guilty plea he answered under oath that no promise other than those included in the plea agreement had induced his plea—the relevant promise contained in the plea agreement being that the government would "consider" making a substantial-assistance motion. Willett admitted to the factual predicate for the charges to which he pleaded guilty, yet in the affidavit supporting his motion to withdraw his guilty plea he claimed to have perjured himself when he made those statements. The district court properly assessed the circumstances surrounding the entry of the guilty plea, as Willett was not under duress and indicated that he had spoken to his attorney and acknowledged that no one had threatened him to induce his guilty plea. The district court determined Willett had nothing in his background which would make it difficult for him to comprehend the significance of entering a guilty plea and that his history with the criminal justice system made it unlikely he was unaware of the consequences of entering a guilty plea. The district court determined that each of the *Bashara* factors weighed against Willett and did not consider potential prejudice to the government resulting from allowing him to withdraw his plea. The district court did not abuse its discretion in any of these findings.

**IV**

Federal prosecutors are subject to state ethics guidelines to the same extent and manner as other attorneys practicing in the state. 28 U.S.C. § 530B(a). As a prosecutor, Fentress was also under a duty to make timely disclosures of all mitigation evidence. *Brady v. Maryland*, 373 U.S. 83 (1963); Ky. SCR 3.130(3.8)(c). The party seeking disqualification of a prosecutor in Kentucky must make a showing of actual prejudice, Ky. Rev. Stat. § 15.733(3), and vindictiveness is not presumed. *Barnett v. Commonwealth*, 979 S.W.2d 98, 102 (Ky. 1998).

Willett alleges that Fentress committed a number of ethical improprieties during his prosecution. On the basis of those allegations, he seeks the dismissal of the case against him. Alternatively, he seeks a remand with instructions to appoint a special prosecutor or to conduct a probable cause hearing to consider the effect of the letters attributed to Elder. Willett never requested an evidentiary hearing in the district court on whether Fentress should have been disqualified, even in his initial motion to disqualify. This leaves us an incomplete record upon which to base any decision on this issue. Any factual basis for Willett's claims can be developed on collateral review.

Willett's claim hinges on alleged animus based on a relationship with a third-party state detective and an unsubstantiated rumor proffered by Willett. Even assuming Fentress faced a conflict of interests, it did not rise to the level of demonstrating actual prejudice. Willett's allegations based on double jeopardy and incarceration in a special housing unit are meritless on their face. The rest of Willett's allegations stem from letters written by Elder supposedly exonerating him from any involvement in the ten-pound methamphetamine transaction, yet the government proffered that it had other witnesses prepared to testify that Willett participated in that transaction. The importance of those letters to Willett's claim combined with the fact that

7

Elder has not testified in this proceeding as to their veracity or been subjected to cross-examination on that issue is the clearest evidence that the record is not ripe for review. As the government noted in its response to Willett's motion to disqualify, "a hearing will be necessary to obtain Elder's testimony in this regard." That hearing can occur on collateral review.

## V

Willett appeals the district court's denial of his motion to compel the government to move for a substantial-assistance downward departure. We have ruled that "when a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." *Moore*, 225 F.3d at 641. Looking to the terms of the plea agreement and the plea supplement, the government maintained complete discretion as the government was obligated only to *consider* making a substantial-assistance motion.

The only possible constitutional infirmity suggested by Willett for the government's refusal to file a substantial-assistance motion is personal bias by the prosecutor. There is nothing in the record, however, to suggest that due process was violated when the government chose not to file a substantial-assistance motion. Willett's other stated reasons for why the district court should have compelled the government to move for a downward departure are based on factual allegations and not constitutional grounds and so cannot be considered.

## VI

Willett makes a series of other claims. These include his arguments that the district court should have granted Willett's motion for a bill of particulars, that the indictment against Willett should have been dismissed on double jeopardy grounds, that the district court should have remedied Willett's allegedly illegal incarceration in a special housing unit, and that the district

8

court should have sentenced Willett to a sentence below the mandatory minimum. Review of each of these claims is precluded by the appellate waiver contained in Willett's plea agreement. The district court discussed the significance of the appellate waiver with Willett at his change-of-plea hearing, and Willett acknowledged that he was surrendering most of his appellate rights by entering into this plea agreement.

The waiver precludes Willett from appealing his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. While the motions panel held Willett could appeal prosecutorial misconduct on direct appeal due to ambiguity in the judicial description of the appellate waiver, *United States v. Willett*, Case No. 15-6350, Order (6th Cir. Sept. 23, 2016), these other claims do not relate to prosecutorial misconduct on this record.

**AFFIRMED**, without prejudice to Willett's right to raise of claims of ineffective assistance of counsel or prosecutorial misconduct in collateral proceedings pursuant to 28 U.S.C. § 2255.