# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 8, 2016

## STATE OF TENNESSEE v. LARSHEIKA HILL

**Appeal from the Circuit Court for Marshall County**
No. 13CR150     Franklin L. Russell, Judge

---

**No. M2015-01268-CCA-R3-CD – Filed June 7, 2016**

---

The Defendant-Appellant, Larsheika Hill, entered a "best-interest" guilty plea on October 10, 2014, to the delivery of .5 grams or more of cocaine. Prior to sentencing, Hill filed a motion to withdraw her guilty plea, alleging that her attorney coerced her into pleading guilty. After a hearing, the trial court denied the motion. On appeal, Hill contends that the trial court erred in denying her motion to withdraw her guilty plea. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Donna Orr Hargrove, District Public Defender; Michael Jonothan Collins, Assistant Public Defender, Shelbyville, Tennessee (at plea); and Melissa Thomas, Fayetteville, Tennessee (on appeal), for the Defendant-Appellant, Larsheika Hill.

Herbert H. Slatery III, Attorney General and Reporter; Matthew Todd Ridley, Assistant Attorney General; Robert James Carter, District Attorney General; Hollynn Eubanks, (at plea), Weakley E. Bernard and Andrew L. Wright (on appeal), Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

At the October 10, 2014 plea submission hearing, Hill affirmed that she was not under the influence of alcohol or any drugs that would negatively impact her ability to understand the proceeding. She had discussed the facts of her case with her attorney and understood that she was pleading guilty to a Class B felony that carried a potential sentence of eight to thirty years. When the State recited the facts underlying the guilty plea, Hill expressed some disagreement, and after a consultation with her attorney, she

amended her plea to a "best-interest" plea. See North Carolina v. Alford, 400 U.S. 25 (1970). The trial court advised Hill that she had an absolute right to a jury trial, and Hill acknowledged that she would be waiving that right by pleading guilty. After this colloquy, the trial court determined that Hill was competent to enter a plea and was doing so knowingly and voluntarily. The court accepted her guilty plea and scheduled a sentencing hearing for December 12, 2014.

On December 2, 2014, Hill filed a motion to withdraw her guilty plea. In the motion, Hill asserted that her attorney made misrepresentations to her and coerced her into pleading guilty. The trial court set the matter for a hearing, and on January 9, 2015, Hill testified that when she arrived in court on the day of her plea, she believed she was in court for a "bond reduction hearing" in a separate case. Instead, her attorney informed her that if she did not enter a guilty plea in the present case, the State would move forward with their motion to revoke her bond in the separate case, and she risked remaining in jail until her trial date approximately four months later. Trial counsel told her that he did not believe she had a viable defense in the present case and that it was in her best interest to plead guilty. Hill testified that she decided to plead guilty to avoid the risk of being jailed on the bond revocation that day and not being available that day to care for her two children, for whom she was the sole caretaker.

When asked by the court to explain her allegations of misrepresentation, Hill clarified that although counsel did not make a false or inaccurate statement to her, she believed that she was not "represented properly." When asked how she was coerced by counsel into pleading guilty, Hill responded:

> I just told [counsel] that I didn't feel like I was guilty. I did tell them that. And then that's when he came back with that same comment . . . 'I'm afraid if you don't take this deal, Ms. Hill, you're going to be in jail till April.' So out of desperation, what am I going to do with my kids? I took that deal that day.

On cross-examination, Hill confirmed that prior to filing the motion to withdraw her plea, she spoke with her co-defendant, "Mr. Mahaley," who informed her that the State "was going to have problems producing the confidential informant in the case." Hill denied that this information impacted her desire to withdraw her guilty plea and claimed that she had actually been aware of the missing witness even prior to entering her plea. Hill also admitted that she did not tell her attorney, either before or after her plea, about the missing witness.

Trial counsel, an attorney with the Marshall County Public Defender's Office, testified that he and another member of his office represented Hill. Counsel testified that

Hill's case had been set for trial because Hill consistently maintained her innocence; however, she decided to accept the plea deal when it became apparent that she may have to report to jail that same day on the bond revocation. On cross-examination, counsel confirmed that Hill first called him to discuss withdrawing her plea on the same day that the State continued her co-defendant's case because of a missing witness and that Hill referenced the missing witness in her call.[1]

At the conclusion of the hearing, the trial court reviewed the factors delineated in State v. Phelps, 329 S.W.3d 436, 446 (Tenn. 2010), before orally denying Hill's motion to withdraw her plea.[2] In denying the motion, the trial court made clear that it did not believe Hill's explanation for changing her mind.

> [I]n this balancing act, the fundamental fact here, in my mind, is that the only credible proof is that she thinks the CI – she came to believe that the CI was not available. And as a result of that, she decided to attempt to change her plea. And I think applying the various factors to balance it, that I'm not going to allow her to withdraw her plea.

This timely appeal followed.

## ANALYSIS

On appeal, Hill argues that the trial court erred in denying her motion to withdraw her guilty plea because she articulated a "fair and just reason" for the withdrawal of her plea. After reviewing the record in light of the factors in State v. Phelps, we conclude that the trial court properly exercised its discretion in denying Hill's motion to withdraw her plea.

This court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. Phelps, 329 S.W.3d at 443 (citing State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005)). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Crowe, 168 S.W.3d at 740 (citing Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995)). The Tennessee Supreme Court held that it will "also find an abuse of discretion when the trial court has failed to consider the relevant factors provided by higher courts as guidance for

---

[1] Counsel and the attorney for the State clarified that counsel never relayed the content of his conversation with Hill prior to the hearing on her motion to withdraw her plea.

[2] The record does not contain a written order from the court denying Hill's motion. However, the court thoroughly explained its reasoning on the record at the conclusion of the hearing.

determining an issue." Phelps, 329 S.W.3d at 443 (citing State v. Lewis, 235 S.W.3d 136, 141 (Tenn. 2007)). Tennessee Rule of Criminal Procedure 32(f) provides:

> Withdrawal of Guilty Plea.
>
> > (1) Before Sentence Imposed. – Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
> >
> > (2) After Sentence But Before Judgment Final. – After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). Rule 32(f) makes it clear that "a criminal defendant who has pled guilty does not have a unilateral right to later withdraw his plea either before or after sentencing." Phelps, 329 S.W.3d at 444 (citing Crowe, 168 S.W.3d at 740; State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003)). However, "The trial judge 'should always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial.'" Crowe, 168 S.W.3d at 740 (quoting Henning v. State, 201 S.W.2d 669, 671 (Tenn. 1947)). "The defendant bears the burden of establishing sufficient grounds for withdrawing his plea." Phelps, 329 S.W.3d at 444 (citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)).

In Phelps, the Tennessee Supreme Court adopted the following list of factors used by the United States Court of Appeals for the Sixth Circuit in determining what constitutes "any fair and just reason" supporting the withdrawal of a guilty plea before sentencing:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

Phelps, 329 S.W.3d at 446 (quoting U.S. v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008)); see also U.S. v. Spencer, 836 F.2d 236, 239-40 (6th Cir. 1987). However, the court asserted that "this list of factors is not exclusive; that no single factor is dispositive;

and that the relevance of each factor varies according to the circumstances surrounding both the plea and the motion to withdraw." Phelps, 329 S.W.3d at 446 (citing Haygood, 549 F.3d at 1052). In addition, it stated that "a trial court need not consider the seventh factor unless and until the defendant establishes a fair and just reason for permitting withdrawal." Id. at 446-47 (citing U.S. v. Ellis, 470 F.3d 275, 286 (6th Cir. 2006)); see also Spencer, 836 F.2d at 240.

In this case, the trial court properly applied the factors announced in Phelps, and determined that only two of the seven factors favored allowing Hill to withdraw her plea. The court noted that Hill had maintained her innocence throughout the proceedings and that the State conceded they would not be prejudiced by allowing Hill to withdraw her plea. The court also noted that the first factor, regarding the period of time between the entry of the plea and the filing of the motion to withdraw, was neutral. However, the record reflects that the trial court was hindered significantly in performing the balancing test because the court did not believe that Hill was being truthful regarding her reasons for wanting to withdraw her plea.

> As a matter of fact in th[is] case, I find that her explanation today is not at all credible. I think it evolved during her testimony . . . The real explanation is that she found out, that what she believes to be the case, that the CI is not available. So I think that's the explanation. So, then our inquiry as to whether that represents a fair and just reason, not these fictitious explanations for why she's changing her mind. Respectfully, I don't believe it does.

In our view, the record supports the findings of the trial court. The Tennessee Supreme Court has noted that "the purpose of the 'any fair and just reason' standard 'is to allow a hastily entered plea made with unsure heart and confused mind to be undone.'" Phelps, 329 S.W.3d at 448 (citing United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991)). However, the Phelps Court also cautioned that "a defendant should not be allowed to pervert this process into a tactical tool for . . . improper purposes." Id. The trial court determined that allowing Hill to withdraw her plea under such circumstances would constitute a perversion of the process, a conclusion with which we do not disagree. Accordingly, the trial court did not abuse its discretion in denying Hill's motion and she is not entitled to relief.

## CONCLUSION

Based on the forgoing authority and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE