NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0465n.06

No. 21-3740

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 18, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE NORTHERN |
| | ) DISTRICT OF OHIO |
| DENNIS LEE COFFMAN, | ) |
| Defendant-Appellant. | ) OPINION |
| | ) |
| | ) |

Before: COLE, CLAY, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Dennis Lee Coffman pled guilty to receipt and distribution of child pornography and possession of child pornography. The district court sentenced him to 108 months of imprisonment. Coffman now appeals the district court's denial of his motion to withdraw his guilty plea and the court's two-level upward departure from the sentencing guidelines based on the duration of one of the child pornography videos. For the following reasons, we affirm.

## I. BACKGROUND

On September 13, 2018, FBI Task Force Officer ("TFO") Ryan Anschutz initiated an online undercover operation on the BitTorrent network. Between September 13, 2018, and November 19, 2018, TFO Anschutz used his undercover computer to connect to an IP address registered to Coffman. TFO Anschutz discovered that Coffman had downloaded approximately 49 child pornography files during the time he was connected to Coffman's IP address.

On December 18, 2018, law enforcement officers executed a search warrant at Coffman's residence. During the search, officers seized a flash drive, a small spiral-bound paper notebook, and three cellular telephones, including an LG cellular phone. A forensic examination of the LG phone revealed that it contained several child pornography files, including three videos of child pornography, one of which was 89 minutes long, and the BitTorrent application. In the spiral-bound notebook, Coffman's wife complained about Coffman viewing child pornography.

On December 20, 2018, TFO Anschutz filed a criminal complaint against Coffman. TFO Anschutz participated in transporting Coffman to the courthouse for his initial appearance. TFO Anschutz later testified that as he transported Coffman to the courthouse, Coffman "admitted to wanting to plead guilty and that he did the crime so he needs to pay his punishment." [R. 41, PageID 929-30.]

On January 16, 2019, a grand jury indicted Coffman for receipt and distribution of child pornography (Count 1) in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography (Count 2) in violation of 18 U.S.C. § 2252A(a)(5)(B). At his arraignment on January 25, 2019, Coffman pled not guilty to the charges. On May 10, 2019, Coffman filed a motion to change his plea. At a status hearing on May 28, 2019, Coffman stated that he did not have enough time to review the plea offer but felt that he should plead guilty to the possession charge and not guilty to the charge for receipt and distribution of child pornography. On July 15, 2019, Coffman pled guilty to both counts of the indictment. During the pre-sentence investigation process, Coffman provided a statement to the probation officer advising that he "viewed child porn because meth made [him] a pervert." [R. 15, PageID 59.] On October 28, 2019, Coffman's former counsel filed a motion to withdraw as counsel, citing irreconcilable differences, which the district court granted.

Coffman and his former counsel dispute what led to Coffman's guilty plea. His former counsel testified that he advised Coffman to plead guilty and focus on mitigation because of the three incriminating videos found on his LG phone. Coffman, however, testified that before he pled guilty, his former counsel told him that he had spent three hours on Coffman's LG phone and that the Government had "all the evidence against [him] and everything else." [R. 27, 131-32.] But, Coffman contends that after he pled guilty, his former counsel told him that he never went through Coffman's LG phone. According to Coffman, he then said to his former counsel, "[w]hy did I plead guilty? . . . . I told you I never used a BitTorrent to do any of this. I never viewed any of the videos the prosecution is accusing me of [viewing]." [*Id*. at 132.] Coffman further explained to the district court that he was on an adult porn site and then came across child pornography. According to Coffman, his former counsel responded that the child pornography would be the only thing that the Government would bring up at trial and then said, "[p]lead guilty or you'll get 20 years." [*Id*.]

Coffman secured new counsel, who retained an expert to perform a forensic review of the LG phone. The report from the forensic review indicated that the 49 child pornography files that were downloaded to Coffman's IP address were not located on the LG phone.

On June 8, 2020, Coffman filed a motion to withdraw his guilty plea, arguing that his "plea was premised on ineffective assistance of counsel and in violation of his Sixth Amendment right . . . ." [R. 29, PageID 143.] In the motion, Coffman argued that his former counsel's "failure to review the evidence or, alternatively, to obtain the assistance of a forensic computer expert to understand the evidence fell below an objective standard of reasonableness." [R. 29, Page ID 146.] Coffman also argued that but for his prior counsel's statement that the Government had enough evidence to prove the charges against him, he would not have pled guilty.

3

The district court conducted an evidentiary hearing on Coffman's motion, at which both Coffman and his former counsel testified. Coffman's former counsel testified that prior to the change of plea hearing, he told Coffman that the 49 child pornography files were not found on the LG phone. Coffman's new counsel conceded that the forensic report did not add any additional information to that which was provided by the Government during discovery. After considering Coffman's and his former counsel's "substantially contradictory accounts" of the conversations between them and finding the former counsel's testimony to be credible, the district court denied Coffman's motion to withdraw his plea. [R. 32, PageID 174, 183.]

Further, in denying the motion, the district court found that Coffman's "substantial delay in bringing the motion weighed heavily against withdrawal." [*Id*. at 187.] The district court also rejected Coffman's argument that his former counsel's failure to enlist an expert was unreasonable because (1) the new expert report added no new information, and (2) Coffman's former counsel credibly testified that he told Coffman that the downloaded files were not found on his LG phone.

At sentencing, the district court applied a three-level enhancement for the three child pornography videos found on Coffman's LG phone. The district court also applied a two-level upward departure because one of the three videos was substantially longer than five minutes. The district court sentenced Coffman to 108 months of imprisonment.

## II. ANALYSIS

On appeal, Coffman contends that his former counsel provided ineffective assistance of counsel at the guilty plea phase. He also argues that the district court erred in denying his motion to withdraw his guilty plea. Finally, assuming his guilty plea stands, Coffman asserts that the district court erred in applying a two-level upward departure pursuant to U.S.S.G. § 2G2.2(b)(7).

Finding that the district court did not err, we affirm the denial of Coffman's motion to withdraw his plea and uphold the imposed sentence.

## A.    Ineffective assistance of counsel.

We typically do not address claims of "ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review . . . ." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citing *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir. 2001). "An exception to this principle exists for cases in which the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999) (citation omitted). "The record may be adequate for review on direct appeal when the district court held an evidentiary hearing on a motion to withdraw a guilty plea at which both parties presented evidence on the ineffective assistance of counsel claim at issue on appeal." *United States v. Carson*, 32 F.4th 615, 621 (6th Cir. 2022) (citing *United States v. Wynn*, 663 F.3d 847, 850–51 (6th Cir. 2011)).

On February 10, 2021, the district court held an evidentiary hearing on Coffman's motion to withdraw his guilty plea, at which both parties presented evidence on the ineffective assistance of counsel issue. Thus, the record is sufficiently developed to assess Coffman's ineffective assistance of counsel claim. We review a district court's disposition of an ineffective assistance of counsel claim *de novo* and its findings of fact for clear error. *See Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citation omitted).

To succeed on an ineffective assistance of counsel claim challenging a guilty plea, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense such that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). We reject Coffman's ineffective assistance of counsel claim because he cannot show deficient performance by his former counsel, nor can he show prejudice.

### 1. Deficient performance.

To establish deficient performance, a defendant must prove that "counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 687–88). In evaluating whether an attorney's performance was constitutionally deficient, we "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Coffman contends that his former counsel was ineffective because, by failing to retain an expert to conduct a forensic review of his LG phone to ascertain the presence (or absence) of child pornography, he did not adequately investigate the facts of the case. The district court thoroughly evaluated Coffman's arguments regarding his prior counsel's effectiveness when it denied his motion to withdraw his guilty plea.

First, as the district court noted, Coffman's "new counsel conceded at the evidentiary hearing that the Defense Forensic Report added no new information . . . ." [R. 32, PageID 186.] Second, as the district court explained, "there is no requirement that a defendant produce a fully prepared and documented defense for trial before seeking to withdraw a guilty plea . . . ." [*Id*.] Third, the district court credited Coffman's former counsel's testimony "that he told Coffman that the downloaded files, connected to the IP address for his residence, were also not found on his LG cellular phone." [*Id*. at 187.] *See United States v. Vance*, 956 F.3d 846, 853 (6th Cir. 2020) ("this court will defer to the district court's credibility determinations absent reason to believe that they

are clearly erroneous") (internal quotation and citation omitted). And fourth, the district court concluded that it was a "reasonable position" for the former counsel to advise "Coffman to plead guilty, gain the benefit of acceptance of responsibility, and offer sentencing arguments designed to limit his sentencing exposure, given Coffman's admissions and the circumstantial evidence in the case." We have previously concluded that strategic advice to plead guilty and focus on mitigation can be reasonable. *See Post v. Bradshaw*, 621 F.3d 406, 417 (6th Cir. 2010).

We agree with the district court that Coffman's former counsel's advice was objectively reasonable, as the evidence against Coffman included: (1) approximately 49 child pornography files downloaded from an IP address connected to Coffman; (2) child pornography videos found on Coffman's LG phone; and (3) Coffman's wife's notebook, which included an entry indicating that one of her problems with Coffman was his consumption of "child porn." [R. 1, PageID 4-6.] Because the district court's factual findings are supported by the record and we do not have the "definite and firm conviction" that the district court made a mistake, we find no clear error. *See United States v. Castano*, 906 F.3d 458, 467 (6th Cir. 2018) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### 2. Prejudice.

Even if Coffman established that his former counsel provided deficient representation, he has failed to show prejudice. Coffman must show that but for his former counsel's errors, he would not have pled guilty and would have instead insisted on going to trial. *See Hill*, 474 U.S. at 59. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Moreover, "in

7

determining whether a defendant has shown prejudice, a court must predict whether the correction of the deficient performance might have enabled the defendant to succeed at trial." *Hodges v. Colson*, 727 F.3d 517, 538 (6th Cir. 2013).

Coffman argues that his former counsel's failure to investigate whether the 49 child pornography files downloaded from an IP address connected to Coffman were on his LG phone resulted in his decision to plead guilty, and that had he not received ineffective counsel, he would have taken the case to trial. It is not enough, however, that Coffman would have taken his case to trial. He must establish that "correction of the deficient performance might have enabled [him] to succeed at trial." *Hodges*, 727 F.3d at 538. Coffman has not met his burden because the evidence simply does not support his argument. As mentioned above, Coffman's new counsel acknowledged during the hearing on Coffman's motion to withdraw his guilty plea that the forensic report prepared by Coffman's retained expert contained no information that was different than the information the Government provided to Coffman's former counsel. And the district court found that Coffman's former counsel credibly testified that he informed Coffman that the 49 files were not located on the LG phone. Additionally, Coffman has made no challenge to the three videos containing child pornography that *were* located on his LG phone. There is no indication that Coffman would have succeeded at trial if his former counsel had commissioned an expert report, and so, Coffman has failed to show prejudice.

## B.      Motion to withdraw guilty plea.

Coffman challenges the district court's denial of his motion to withdraw his guilty plea. "We review the denial of a motion to withdraw a guilty plea under the abuse-of-discretion standard." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses its discretion where 'it relies on clearly erroneous findings of fact, improperly applies the law or

uses an erroneous legal standard.'" *United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011) (quoting *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006)). The defendant has the burden to demonstrate that proper grounds exist for withdrawing his guilty plea. *See United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

The "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Ellis*, 470 F.3d at 280 (quotation omitted). Accordingly, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280–81 (6th Cir. 2006) (quotation and citation omitted).

Courts consider several factors to determine whether a defendant meets his burden of proving that the withdrawal of his guilty plea is for a fair and just reason, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence of) a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id*. at 281 (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th

9

Cir. 2000)). The above factors are a "general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" *Haygood*, 549 F.3d at 1052 (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

### 1.    Lapse of time between guilty plea and motion to withdraw guilty plea.

Coffman pled guilty on July 15, 2019. He filed his motion to withdraw his guilty plea on June 8, 2020. That is a span of 329 days. We have "not fashioned a precise cut-off point beyond which delay is unreasonable[,]" but we have "affirmed decisions denying the withdrawal of a guilty plea after delays as short as one or two months." *United States v. Carson*, 32 F.4th 615, 624 (6th Cir. 2022) (quotation omitted); *see also Haygood*, 549 F.3d at 1053 (affirming the denial of a motion to withdraw filed four and a half months after the guilty plea); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (affirming the denial of a motion to withdraw filed 75 days after the guilty plea). Therefore, this factor weighs heavily against Coffman.

### 2.    Valid reason for failing to move for withdrawal earlier in the proceedings.

In determining whether to grant a motion to withdraw a guilty plea, courts consider whether the defendant can establish "a valid reason for the failure to move for withdrawal earlier in the proceedings." *Bashara*, 27 F.3d at 1181. If a defendant can identify a valid reason, a court is more likely to grant a motion to withdraw a guilty plea. *Id.* On the contrary, "where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weak[ened]." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (citing *United States v. Usher*, 703 F.2d 956, 959 (6th Cir. 1983)). Coffman argues that he did not move to withdraw his guilty plea earlier in the proceedings because he was unaware that the 49 files of

child pornography were not on his LG phone until he received the forensic report from his expert. The district court did not abuse its discretion in finding that Coffman was aware of this fact even before he pled guilty because his former counsel had informed him. The district court found the former counsel's testimony credible on this point. Thus, Coffman cannot establish a valid reason for not moving forward with withdrawal earlier in the proceedings. This factor also weighs against Coffman.

### 3. Asserting or maintaining innocence.

While, at times, Coffman has asserted his innocence, he has also indicated his guilt at various points in these proceedings. According to testimony from law enforcement, when Coffman was arrested and advised of the charges against him by law enforcement, he indicated he was guilty. On May 28, 2019, during a hearing before the district court, he stated "I feel that I should plead guilty to the possession . . . charge, but not guilty to the receipt and distribution." At his change of plea hearing, Coffman admitted to the offense conduct while under oath in open court. He also admitted to viewing child pornography in a statement to the probation officer during the presentence investigation. Coffman argues that he has maintained his innocence throughout this case, and that he did so on four occasions: first, at his arraignment, when he initially entered a not guilty plea; second, at the hearing on May 28, 2019, when he stated that he should plead guilty to the possession charge, but not guilty to the receipt and distribution charge; third, when he testified that he never viewed the videos, did not use BitTorrent, and was on an adult porn site when he came across child porn; and fourth, at his sentencing hearing, when he maintained that he never downloaded or viewed the videos himself.

While a defendant's "vigorous and repeated protestations of innocence" may support the decision to allow withdrawal of a guilty plea, *United States v. Baez*, 87 F.3d 805, 809 (6th Cir.

1996), claims of innocence are not convincing when the defendant has vacillated over time. *See United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007). At best, Coffman has vacillated in asserting/maintaining his innocence. The district court did not abuse its discretion in finding that this factor weighs against Coffman.

### 4.      Circumstances underlying Coffman's guilty plea.

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Ellis*, 470 F.3d at 280 (quotation omitted). Indeed, a court should rarely grant a motion to withdraw a guilty plea unless the Government obtained the plea "unfairly" or "through ignorance, fear or inadvertence." *Kercheval v. United States*, 274 U.S. 220, 224 (1927). In order to ensure that a guilty plea is knowing and voluntary, Federal Rule of Criminal Procedure 11(b) sets forth the procedures a district court must follow before accepting a plea. *See* Fed. R. Crim. P. 11(b). In accepting Coffman's guilty plea, the district court followed the Rule 11(b) procedures.

Coffman contends that this factor weighs in his favor because he received ineffective assistance of counsel at the guilty plea phase. We addressed, and rejected, Coffman's ineffective assistance of counsel claim in Section II.A. above. This factor weighs against Coffman.

### 5.      Coffman's nature and background and prior experience with the criminal justice system.

The district court weighed Coffman's nature and background and prior experience with the criminal justice system as factors against him. The district court observed that while Coffman struggled in the past with addiction and had limited education, he "was able to understand and appreciate the nature and gravity of the proceedings." [R. 32, PageID 190.] The district court also found that based on his prior criminal convictions, Coffman was "sufficiently familiar with the

criminal justice system to appreciate the significance and ramifications of the plea process." [*Id.* at 190–91.]

Coffman does not challenge the district court's findings. He argues, however, that these factors are irrelevant because he received ineffective assistance of counsel. Because we have rejected Coffman's ineffective assistance of counsel claim and because Coffman admittedly does not challenge the district court's findings regarding these factors, we find that these factors weigh against Coffman.

### 6. Potential prejudice to the Government.

The final factor is "potential prejudice to the government if the motion to withdraw is granted." *Bashara*, 27 F.3d at 1181. However, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 286 (quoting *Spencer*, 836 F.2d at 240). Thus, because the district court did not abuse its discretion when it determined that the first six factors weighed against Coffman, it did not abuse its discretion when it found it unnecessary to consider this factor.

## C. Sentencing.

Coffman challenges the district court's decision to apply a two-level upward departure based on the extended length of a child pornography video found on Coffman's LG phone. Specifically, Coffman contends that the district court failed to assess the nature of the images in the 89-minute video and, instead, applied the entire length of the video to support the upward departure without determining how much of the video constitutes visual depictions of child pornography. This Court "review[s] de novo the district court's interpretation of the Sentencing Guidelines and review[s] its findings of fact for clear error." *United States v. Fugate*, 964 F.3d

580, 583 (6th Cir. 2020) (citation omitted). Accordingly, we "accept the findings of fact of the district court unless they are clearly erroneous and . . . give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e).

As applied in child pornography cases, U.S.S.G. § 2G2.2(b)(7) provides that "[i]f the offense involved . . . at least 150 images, but fewer than 300, increase by three levels . . . ." Further, when determining the number of images, "[e]ach video . . . shall be considered to have 75 images. If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted." U.S.S.G. § 2G2.2 cmt. n.6. We have found that "one could reasonably decide 'that videos and movies' cause more harm and so 'should be weighed much more heavily than photos or pictures.'" *United States v. Lynde*, 926 F.3d 275, 280 (6th Cir. 2019) (citation omitted).

The district court, as permitted by the sentencing guidelines, found that each of the three videos of child pornography was 75 images, resulting in a three-level enhancement. The district court also granted a two-level upward departure for the 89-minute video because it was substantially longer than five minutes. While Coffman argues that a two-level upward departure should not have applied because the district court did not find that the entire video contained a "lascivious display" of child pornography, he cites no authority for this proposition. The district court explained its rationale for its upward departure, and its findings were not clearly erroneous. Accordingly, we do not find that the district court abused its discretion in applying the two-level upward departure.

## III. CONCLUSION

For these reasons, we affirm.